## GEORGE A. WARDWELL'S CASE.

### Knox.    Opinion March 25, 1922.

*Workmen's Compensation Act. Sec. 17, Chap. 238, Public Laws, 1919, provides
that notice of accident must be given to employer within thirty days, but Section
20, provides that proceedings not barred if failure to give notice is due to
"accident, mistake or unforeseen cause." Unforeseen cause in this
connection may be construed generally as one which could not have
been reasonably foreseen as likely to arise or occur and.yet is
of such a nature as to have substantially interfered with
the giving of the notice.*

Sec. 20, Chap. 238, Public Laws, 1919, which provides that proceedings for compensation are not barred by failure to give notice of the accident within thirty days, if such failure is due to accident, mistake or unforeseen cause, is for the purpose of protecting the legal rights of parties in meritorious cases when the facts warrant it.

An unforeseen cause in general is one which could not have been reasonably foreseen as likely to arise or occur and yet is of such a nature as to have substantially interfered with the giving of the notice.

The facts in this case bring it within this definition and afford a reason for not giving the notice until twenty days after the expiration of the thirty-day limitation.

On appeal by defendant.    The claimant on the 17th day of February, 1921, while in the employ of the Camden Anchor-Rockland Machine Company, as a moulder, received a personal injury alleged as arising out of and in the course of his employment, by receiving on his left-knee a blow from a sledge hammer which he was using in dumping out a flask, and as a result of the injury an abscess formed, and claimant claimed that the attack of pneumonia which followed

was caused by the injury and the abscess. The notice of the accident to the employer to be given within thirty days from date of accident required under Sec. 17, Chap. 238, Public Laws 1919, was not given within that time. Twenty days after the expiration of the thirty days a notice was given. Claimant claimed that by reason of his condition and the circumstances of his case, he was not required to give the notice within the thirty days, but Section 20 of said chapter would apply to his case, which provides that proceedings for compensation are not barred by failure to give such notice within thirty days, if such failure to give such notice was due to accident, mistake or unforeseen cause. The chairman of the commission held that claimant's case came within the provisions of said Section 20, and granted compensation, and defendants appealed. Appeal dismissed with costs. Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

*Edward C. Payson*, for petitioner.

*Andrews, Nelson & Gardiner*, for respondents.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

CORNISH, C. J. Appeal from the decision of the Chairman of the Industrial Accident Commission awarding the claimant compensation. The principal contention of the respondents is that written notice of the accident as required by the Workmen's Compensation Act, Public Laws 1919, Chap. 238, Secs. 17 to 20, was not given to the employer within the required time, and therefore these proceedings for compensation cannot be maintained.

Section 17 provides: "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the accident shall have been given to the employer within thirty days after the happening thereof." The accident in this case happened on February 17, 1921. The written notice to the employer was given on April 8, 1921, twenty days after the expiration of the statutory period. This is admitted. But Section 20 provides among other things: "Want of notice shall not be a bar to proceedings under this act, if it be shown that the employer or his agent had knowledge of the injury, or that failure to give such notice was due to accident, mistake or unforeseen cause." It is not shown that the employer or its agent had knowledge of the injury, apart from this notice of April 8, and

therefore the contention is narrowed to this, whether under the facts of this case the failure to give the notice was due to "accident, mistake or unforeseen cause."

The facts connected with the accident and the events subsequent thereto may be summarized as follows: On Thursday, February 17, the claimant while in the employ of the Camden Anchor-Rockland Machine Company struck his left knee with a sledge hammer weighing between six and ten pounds, while "dumping out a flask," a mechanical process in the foundry. The blow caused a discloration and a slight abrasion of the skin but the injury was not regarded by him as serious. He continued at work on Friday, on Saturday forenoon and on Monday, during which time he was suffering some pain and was treating the knee when at home with liniment. On Monday, although still at work, he felt sick in other ways, as he expresses it, and on reaching home that night went at once to bed. On Tuesday morning, February 22d, Dr. Bartlett, the family physician, was called. Pneumonia soon developed and on the following Sunday, February 27, Mr. Wardwell became delirious. His illness progressed and after a consultation of physicians he was taken on March second to Dr. Silsby's hospital. The next day he was examined by Dr. Crockett who was called by Dr. Bartlett in consultation. He was still suffering from pneumonia, had a high fever, rapid pulse, was spitting blood and was unconscious. In addition, Dr. Crockett found that his left knee was infected and a large abscess was forming. Two days later the abscess was lanced by Dr. Silsby and not less than ten ounces of pus removed. His convalescence was slow, and he was not removed from the hospital to his home until April 4th. Three days later, on April 7, the claimant's wife notified the manager of the employer corporation by telephone of the injury to her husband's knee and on April 8th gave him written notice of the same accompanied by statements of Dr. Bartlett, the attending physician, and of Dr. Silsby in whose hospital he had been treated. At the time of the hearing before the Chairman of the Industrial Commission on July 21st he was still incapacitated from labor.

From the foregoing evidence the chairman very properly found that the claimant received a personal injury by accident arising out of and in the course of his employment, and no objection to this is now taken by the defendants. He further found on the question of notice as follows: "In view of the physical condition of Mr. Ward-

well following the attack of pneumonia and continued by reason of the serious condition of the abscess from March 1st for many days, it is found that seasonable knowledge of the injury was properly communicated to the employer." This evidently refers to the last sentence in Section 20 of the Workmen's Compensation Act, and in effect the decision holds that the failure to give the written notice within thirty days was due to accident, mistake or unforeseen cause. In that sense the chairman held that notice was seasonably filed.

In case of controverted facts which would tend to excuse a failure to notify within thirty days, it is the province of the chairman to determine those facts like any other issue of fact before him and his finding is final provided there is some competent evidence to support it. *Westman's Case,* 118 Maine, 133; *Mailman's Case,* 118 Maine, 172. But upon facts undisputed, or upon facts found by the chairman in compliance with this rule, the question whether the written notice has been given to the employer within the time allowed by the Legislature is one of law. It is similar to the question of reasonable time within which the right of rescission of a contract may be exercised. *Hotchkiss* v. *Bon Air Coal Co.,* 108 Maine, 34; *Getchell* v. *Kirkby,* 113 Maine, 91, 94; *Dutch* v. *Gamage,* 120 Maine, 305, 309. The finding of facts by the chairman on this branch of the case is therefore conclusive, but his ruling of law thereon is subject to review. In this case his conclusion of law should also be upheld.

The Legislature inserted this provision as to excuse for failure to comply with the strict thirty-day limit with a definite purpose, and that purpose was the protection of the legal rights of the parties in meritorious cases when the facts should warrant it. It employed comprehensive and elastic terms to accomplish that purpose, and to enable the court to grant relief from hardship or misfortune. "Accident, mistake or unforeseen cause" cover a wide range, especially the words "unforeseen cause," which are confidently invoked here by the claimant. An unforeseen cause in this connection may be defined in general as one which could not have been reasonably foreseen as likely to arise or occur and yet is of such a nature as to have substantially interfered with the giving of the notice. That definition fits here. The claimant's injury at first seemed to him comparatively insignificant. He did not even speak to his fellow workmen about it. He continued his work for two or three days. Then unexpected complications arose. Pneumonia at first set in and later an ugly abscess

developed, with the consequent suffering, weakness and natural inability or disinclination to give thought to business matters, all of which certainly bring the situation within the purview of the term unforeseen cause. In his petition the claimant alleges that he gave notice as soon as he was able to do so, that is, as soon as he was reasonably able to do so. Other things were upon his mind. The thirty days expired on March 19, right in the midst of his stay in the hospital. Was the door then shut against him? If not, when was it afterward closed, as he did not leave the hospital until April 4, and within four days thereafter sent the written notice? The relief clause was enacted to meet just such a case as this. It is a remedial provision and it is the duty of the court to apply it in a broad and reasonable way to the facts of each case that may call for its consideration. No more definite rule can be laid down. The decision must be left to the sound judgment and wise discretion of the court in each instance.

The Industrial Accident Commission, as we have had occasion to remark before, is a creature of the statute. No jurisdiction is conferred except as the statute confers it. *Maguire's Case*, 120 Maine, 398; *Conner's Case*, 121 Maine, 37. Explicit limitations must be observed. *Lemelin's Case*, 121 Maine, 72. When, however, the granted powers are discretionary within reasonable limits, as in the section under consideration, then the provision of Section 37, that in interpreting the act a liberal construction shall be given with a view to carrying out its general purpose, applies with full force.

The Workmen's Compensation Act of Rhode Island employs precisely the same language as to justifiable excuse for delay in giving notice, "accident, mistake or unforeseen cause." The Supreme Court of that State has had occasion to interpret and apply the words "unforeseen cause" in a recent case involving facts quite similar to these at bar. If a precedent were needed the exhaustive opinion in that case furnishes an admirable one. *Donahue* v. *Sherman's Sons Co.*, 39 R. I., 373.

> *Appeal dismissed with costs.*
> *Decree of sitting Justice affirmed.*