## JOHN A. FERRIS' CASE.

### Washington.    Opinion October 27, 1923.

*Pneumonia suffered by a fireman whose clothes had been wet while fighting a fire,*
*which developed within four days after the fire, is not a result of an accident*
*arising out of and in the course of his employment, under the*
*Workmen's Compensation Act.*

The Commission may be right in the conclusion that the predisposing cause of
pneumonia from which Mr. Ferris unfortunately suffered was exposure during
the fire.   It may be equally true that the predisposing cause of pneumonia
arose from other causes.   In either event, the finding of the Commission that
pneumonia was due to exposure is a finding of fact and is final, but the finding
that Mr. Ferris is entitled to compensation both for medical attendance and
for incapacity to work, according to the provisions of the Workmen's Compen-
sation Act, is error in matter of law.

The finding that "the attack of pneumonia from which Mr. Ferris suffered was
the result of an accident arising out of and in the course of his employment,"
was a finding of fact without evidence, and therefore reversible error.

It cannot be said to be unusual, or unexpected, or untoward, or unforeseen, that
firemen get wet in winter as well as in summer.   On the contrary, it would be
unusual if they did not, each in their turn, get wet.   Other firemen were wet
at the same time and from the same causes.   Can it be said that such occur-
rences are accidents?   We think not, under the Act.

On appeal.   The petitioner, a resident of Eastport, was employed
in a furniture and undertaking store, and was a member of the East-
port volunteer fire department, and paid as fireman, twenty-five
dollars a year.

On November 27, 1921, in the evening, claimant responded to a fire
alarm, the Episcopal Church being on fire.   While he was climbing a
ladder which had been placed on one side of the church, a quantity
of snow, saturated with water, came from the roof, striking him and
wetting his clothes.   He went home and changed his clothing and
returned and got his clothing wet a second time.   On December 1,
1921, a severe attack of pneumonia developed, incapacitating him
for all work for a period of several weeks.   The question at issue was
as to whether the attack of pneumonia was the result of an accident
arising out of and in the course of his employment as a fireman.

Upon a hearing the Chairman of the Industrial Accident Commission found in favor of the petitioner and respondents appealed. Appeal sustained. Decree reversed.

The case is stated in the opinion.

Petitioner appeared without counsel.

*Andrews, Nelson & Gardiner,* for respondents.

SITTING:   CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J.   This is an appeal from the decree of a single Justice affirming the decision of the Chairman of the Industrial Accident. Commission.   A statement of the case is taken from the following finding of facts by the Chairman of the Commission.

"On November 27, 1921, the petitioner, John A. Ferris was a member of the Eastport volunteer fire department.   As a fireman he was paid an annual salary of $25 per year.   His duties as fireman required him to respond to all calls for fires within the Eastport city limits, regardless of the hour of the day or night.   His regular occupation was clerk in a furniture store in Eastport at which he earned a salary of $18 per week for six days work.   Besides his work in the furniture store, he often assisted in undertaking work which often requires his services nights and Sundays and for which he received extra pay.

"On the evening of November 27, 1921, Ferris responded to a fire alarm call about 10 o'clock.   The Episcopal Church of Eastport was on fire.   A part of his duties at the fire that evening required him to climb a ladder which had been placed against one side of the Church. While he was climbing the ladder, a quantity of snow, which had been lying above him on the roof of the church and which had become saturated with water sprayed on the roof by the firemen, suddenly became loosened and came off the roof.   As this snow descended it struck Mr. Ferris as he was ascending the ladder and thoroughly drenched him.   Mr. Ferris was at once excused from duty and went home and changed his clothing and again returned to the fire where he worked for an hour or two longer.   After he returned the second time his clothing became wet again from the spray and water being thrown on the fire by the firemen.   The next day Mr. Ferris engaged in his regular work at the store but 'felt mean.'   On the 30th of November he was obliged to give up working and go home and on December 1st

had developed a severe attack of pneumonia. As a result of his sickness he was incapacitated for all work for a period of several weeks.

"There is no dispute about the foregoing facts. The only question raised in the case is whether or not the attack of pneumonia from which Mr. Ferris suffered, was the result of an accident arising out of and in the course of his employment as a fireman, on November 27 and 28, 1921. We think it was, and that Mr. Ferris is entitled to compensation therefor."

In the first instance it will be seen the chairman found that "the attack of pneumonia from which Mr. Ferris suffered was the result of an accident arising out of and in the course of his employment as a fireman, on November 27, and 28, 1921." In his conclusions the reason for such finding is more fully set out in the use of the following language: "While so engaged he became suddenly drenched with slush from the roof of the burning building. He went home and changed his clothes and returned again to the fire to render further assistance, and through *exposure,* his clothing again became soaked. A severe cold at once developed and it was almost immediately followed by a severe attack of pneumonia. The *sudden and ususual exposure* was too much for his system."

"Based upon the evidence submitted, it is found that the attack of pneumonia which Mr. Ferris suffered was directly the result of the exposure experienced by Mr. Ferris at the fire on the night of November 27-28, 1921, and that he is entitled to compensation both for medical attention and for incapacity to work, according to the provisions of the Workmen's Compensation Act."

The chairman cites decisions of Commissions of other states in support of his conclusion which it will serve no useful purpose to discuss in the instant case, because such decisions were made under acts differing essentially from our Compensation Act. Our Act provides for compensation to an employee who receives a personal injury by accident arising out of and in the course of his employment. In such cases a liberal construction of the law is intended by the Legislature, and has been accorded by the Commission and by the court. In the instant case we are persuaded that the Commission has gone outside the letter and spirit of the statute when it holds that exposure "to sleet and water," or "slush from the roof," or "through exposure his clothing again became soaked," or that "the sudden and

unusual exposure was too much for his system," or that "the exposure experienced by Mr. Ferris at the fire," constitutes a personal injury by accident.

There was no accident within the meaning of the Act.

The Commission may be right in the conclusion that the predisposing cause of pneumonia from which Mr. Ferris unfortunately suffered was exposure during the fire. It may be equally true that the predisposing cause of pneumonia arose from other causes. In either event the finding of the Commission that pneumonia was due to exposure is a finding of fact and is final, but the finding that Mr. Ferris is entitled to compensation both for medical attention and for incapacity to work, according to the provisions of the Workmen's Compensation Act, is error in matter of law.

The finding that "the attack of pneumonia from which Mr. Ferris suffered was the result of an accident arising out of and in the course of his employment," was a finding of fact without evidence, and therefore reversible error. *Mailman's Case,* ·118 Maine, 172; and cases cited. *Gauthier's Case,* 120 Maine, 73.

It cannot be said to be unusual, or unexpected, or untoward, or unforeseen, that firemen get wet in winter as well as in summer. On the contrary, it would be unusual if they did not, each in their turn, get wet. Other firemen were wet at the same time and from the same causes. Can it be said that such occurrences are accidents? We think not, under the Act.

*Appeal sustained.*
*Decree reversed.*