## ELLEN M. SULLIVAN'S CASE.

Suffolk.   December 5, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

At the hearing by the Industrial Accident Board of a claim under the workmen's compensation act by a woman employed in a hotel, with duties to wash and care for the silver and glassware, whose injuries were caused by her tripping over a broom and falling as she was on her way to a room which she was permitted but not obliged to occupy in a building on the hotel premises in the rear of the hotel across an open yard and about eighty-two feet from the kitchen, there was evidence that the employee was required by her contract of hire to perform extra duties when needed and was subject to call at any time, that when she finished her work at night she was free to leave the kitchen and go wherever she wanted to: if her services were needed she was sent for; if she were on the premises she would come over to the kitchen; if she were not there they had to get along without her; and she was not required to remain on the premises twenty-four hours a day. *Held*, that a finding that the injuries arose out of and in the course of the employee's employment was warranted.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant for injuries received while in the employ of Herman L. Wood, the proprietor of the Mansion House in Greenfield.

In the Superior Court, the case was heard by *Cox*, J., by whose order a final decree was entered in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*G. Gleason*, for the insurer.

*H. J. Field*, for the claimant.

PIERCE, J. This is an appeal by the insurer from a decree of the Superior Court affirming the findings of the Industrial Accident Board. G. L. c. 152.

The material facts are as follows: The employee's contract of hire required her to wash and care for the silver and glassware of a hotel. She roomed upon the hotel premises in a room, supplied her by her employer, which she had used for about twelve years. She was permitted but not obliged to occupy this room. In the building where the room of the plaintiff was there were five or six rooms occupied by other employees, and furnished and heated for them. The employees were paid a sum of money a week, and "additional wages so that they can room out." They were required by their contract of hire to perform extra duties when needed and were subject to call at any time. When the injured employee finished her work at night, she was free to leave the kitchen and go wherever she wanted to; if her services were needed she was sent for. If she were on the premises she would come over to the kitchen; if she were not there they had to get along without her. She was not required to remain on the premises twenty-four hours a day. She usually started work in the morning at seven o'clock, worked until half past nine; came in at twelve, had dinner, and worked until about two o'clock; came back at six o'clock, had supper, and worked until around eight o'clock, unless there was special work to be done.

On October 9, 1926, after she had completed her work for the day in the kitchen, she proceeded to her room in the building furnished for the use of the employees, which was in the rear of the hotel, across an open yard and about eighty-two feet from the kitchen. She ascended an outside stairway of two flights and passed into a hallway used by her and other employees to get to their respective rooms, and, when midway between the entrance to the building and her room, she tripped over a broom and fell to the floor, receiving injuries which have totally disabled her. The finding of the member that her injury arose out of and in the course of her employment was right. The evidence of continuity of employment is not strong, but it is sufficient to establish the

fact that the contract of hire included continuous service
when needed. This case is governed by *Doyle's Case,* 256
Mass. 290. In the opinion of a majority of the court the
decree awarding compensation should be affirmed.

*So ordered.*