**WALLACE et al. v. TEXAS INDEMNITY INS. CO.**

No. 3394.

Court of Civil Appeals of Texas. El Paso.

May 20, 1936.

Rehearing Denied June 4, 1936.

Smith & Smith, of Anson, and Stinson, Hair, Brooks & Duke, of Abilene, for appellants.

T. L. Dyer and Don Emery, both of Amarillo, for appellee.

PELPHREY, Chief Justice.

On May 8, 1934, T. G. Wallace secured employment as a common laborer with the Phillips Petroleum Company at its Judkins Gasoline Plant in Ector county, Tex. The Phillips Petroleum Company had a bunkhouse for the use of some of its men for sleeping quarters. There was no charge made for the use of the bunkhouse, and the men were not required to sleep there. In the early afternoon of July 20, 1934, while Wallace and two of his fellow employees were in it, the bunkhouse caught fire and Wallace was burned so badly that he died shortly thereafter at a hospital in Odessa, Tex. Immediately preceding the fire he was seen in the bathroom of the bunkhouse washing some work clothes.

Notice of the accident was duly given to the Industrial Accident Board of Texas, naming appellee as the insurer of the Phillips Petroleum Company, by Callie Wallace and Dorothy Frances Wallace, wife and infant daughter of T. G. Wallace. From an award in favor of appellants by the Industrial Accident Board, appellee appealed to the district court of Ector county. Appellants in due time answered the suit there filed and by cross-action sought compensation for the death of

their husband and father for a period of 360 weeks. At the conclusion of the evidence, the court at the request of appellee instructed a verdict in its favor, and the appeal resulted.

### Opinion.

It is said by appellants in their brief that the only questions involved in this appeal are: (1) Whether Wallace was in the course of his employment for the Phillips Petroleum Company at the time he was burned; and (2) whether the trial court committed error in instructing a verdict for appellee. The decision of the latter question necessarily involves the former, and appellee asserts in its brief that it also involves the question of whether the pleading and proof was sufficient to establish the average weekly wage of Wallace.

If Wallace, at the time he received the burns which caused his death, was not engaged in the work of his employer, then his widow and daughter would have no cause of action against appellee.

We have examined the authorities cited by both parties, and feel that our own decision in Associated Employers' Reciprocal v. Simmons et ux., 273 S.W. 686, should control. The two cases upon which appellants principally depend, to wit, Texas Employers' Insurance Association v. Lawrence (Tex.Civ.App.) 14 S.W.(2d) 949, and Southern Surety Co. v. Shook (Tex. Civ.App.) 44 S.W.(2d) 425, are not, in our opinion, in point.

The Shook Case is clearly distinguishable, we think, at least in one very material particular. The employee there was admittedly on duty 24 hours per day, and was required to reside on the premises, while here Wallace's working day had expired and he was free to go where he pleased.

In the Lawrence Case the employee was not only required to reside on the premises of the employer, but there was evidence tending strongly to show, as said by the court, that either Lawrence or his wife had arisen to begin the day's duties and struck a match which caused the explosion resulting in their deaths.

The Simmons Case, supra, is in one particular even stronger than the case at bar. In that case the employees were subject to call at any time, day or night, by their employer, and their duties were then to do whatever their employer told them to do.

As it appears from the record here, Wallace had certain specific hours to work; was not subject to call at other times; and was as free to come and go as he would have been had he been living in his own home entirely separate and apart from his employer's premises.

Under such facts, the court properly instructed a verdict for appellee.

The judgment is affirmed.