THORNTON *v.* LA.-MISS. PIPELINE CONST. CO., et al.

May 19, 1952.

No. 38403 (58 So. (2d) 795)

**English Lindsey,** for appellant.

Wallace, Greaves & Wallace, for appellees.

316

III. Reference to brief for appellant.

**Alexander, J.**

This is an action under our Workmen's Compensation Act. Chapter 354, Laws of 1948, as amended. The original claim was denied by the attorney-referee whose finding was affirmed by the Commission and the circuit court, whence this appeal.

Appellee construction company was engaged in laying pipe lines and employed from thirty to fifty men. The claimant testified that on the particular work here in-

volved there were employed about twelve or more men. As the work progressed the laborers shifted their housing as they saw fit in order to keep the locations accessible to them. Some time before the injury to claimant there arose a discussion regarding the practicability of procuring tents which could be moved from place to place. An employee of the company suggested that if they desired such he could get some used army tents for them. This was later done and two tents housing five cots each were sent to a place near the work at Gulfport. During the night the tent occupied by appellant caught fire from an improvised heating device placed therein by another occupant. This device consisted of a burning flare over which a bucket had been placed. The appellant suffered severe burns, and the injury and disability resulting therefrom are made the basis of his claim to compensation. The following facts are important and controlling. The working hours of the appellant were from 8 a. m. to 4 p. m. He was not required to use the tents and some of the employees slept elsewhere. The tents were erected by one of the fellow workers. No charge or deduction in wages was made on account of the tents, which were donated to such employees as cared to avail of them. At the time of the injury appellant was off duty and free to go where he wished. He was not performing any service or complying with any order of the employer. The injury did not arise ''out of and in the course of employment''. Section 2(2) Chap. 354, Laws of 1948, as amended.

It is argued that the use by the employees was a convenience to the appellant as well as to the employees; that the foreman had warned them of the dangers of fire; and that the company knew that the men would go home if it had not made such arrangements. This view was only the expression of the claimant and was denied by the foreman. They had not theretofore been so housed and had found accommodations, some makeshift, at other locations. These considerations are

not here controlling in view of the circumstances stated above. Use of the tents was not a part of the general custom or practice of the appellant. It neither had nor exercised control or supervision over the workers after the end of the work period.

A large group of cases have rewarded the resourcefulness of counsel. It may be conceded that the law under similar statutes is in a state of flux and controlling principles must be sorted out from a mass of divergent factual backgrounds. Similar situations have been grouped under a category denominated "bunk house cases", which are further subdivided according to whether other facilities are available, or whether owned and controlled by the employer, or whether there is an element of compulsion in their use. We need not array the conflicting cases against each other or trace the reasoning processes which have led to opposing conclusions. From these we are content to select and cite as typical and in accord with our views Guiliano v. Daniel O'Connell's Sons, 105 Conn. 695, 136 A. 677, 678, 56 A. L. R. 504. In denying recovery, it was there stated; "When the employee at the close of his day's work leaves the premises of his employer and passes beyond the area which the employer has expressly or impliedly made incidental to his employment, he is no longer in the course of his employment because its period has ended. When the employer provides him with lodging and requires him to occupy it, during his use of it he will be within the period of his employment when in such occupation, and his use of the lodging will be an incident of his employment, for he is there in compliance with his employers' orders, and, while he obeys these and does not embark upon a frolic or business of his own, he must be held to be in the course of his employment.

"When, however, the employer says to the employee, after his day's work is done, 'you may grind your axe upon my wheel,' the employee in accepting this proffer is not in the course of his employment, for that has ceased;

he is fullfilling, not the duties of his employment, but his own personal desire. Privileges such as this, though they would not have been accorded him unless he had been in the service of his employer, cannot be held to be incidents of his employment. If when these claimants had finished their day's work at 5:30 and left their employers' premises and gone to a lodging house kept by a stranger to their employment, it could not be maintained that they were, while there, in the course of their employment. The sleeping of the claimants in the barn is wholly dissimilar to the necessary but minor interruptions in the course of the day's work, or to the privileges accorded by the employers to the employee during a noon hour for his own benefit. These all occur during the progress of the work, not after its cessation. The injury to these claimants occurred seven hours and more after the day's work was ended, in a lodging which the employers, for their own convenience, furnished them. It was optional with them whether they made use of this privilege or not. The employers did not expressly include this privilege within the terms of their employment, nor did they impliedly do so; the facts agreed upon show that they never intended to include this as an incident of the employment. We have never held that the employee continued in the course of his employment after the day's work was done, unless the employment was continuous, or the work incident to it, and the [injury] occurred shortly after the day's work had ended." Edwards v. Industrial Co., of Utah, 87 Utah 127, 48 P. (2d) 459; Wallace v. Texas Indemnity Co., Tex. Civ. App., 94 S. W. (2d) 1201.

Affirmed.

**Roberds, P. J.,** and **Lee, Holmes** and **Arrington, JJ.,** concur.