■ In the Matter of the Claim of BARBARA BROOKS, on Behalf of Herself and Minor Child, Appellant, v. NEW YORK STATE DEPARTMENT OF CORRECTION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by claimant from a decision which disallowed a claim for death benefits on the finding that decedent's fatal automobile accident on the grounds of the employer's hospital did not arise out of and in the course of his employment. Decedent, an officer in a hospital maintained by the Correction Department, lived on the premises, and on returning thereto at about 3:00 A.M., on a day when he was not on duty operated his car off the roadway and into a tree. Appellant seeks reversal under the familiar authorities which have affirmed awards for accidental injuries sustained by off-duty employees residing on the premises by virtue of their contracts of employment or otherwise for the benefit of their employers. (See, e.g., *Matter of Galvez* v. *Gold Coast Enterprises*, 23 A D 2d 600.) In this case, however, there was uncontradicted proof that there was no requirement that Correction Department officers such as decedent live on the premises and that decedent's election to do so was voluntary and his duties no different from those of officers living off the premises; and, further, that while officers on the grounds were subject to call in an emergency (although none had occurred for at least 25 years), those living off the premises were equally liable, without distinction, those on

and off the premises being within the hearing range of the whistle to be sounded in emergencies; and that there were no restrictions on decedent's right to leave the grounds when he was off duty. The fact that the charge made by the employer for decedent's room was low by community standards did not require the board to infer that the low rate (which had been fixed in 1944) was an inducement to employment; and it would seem as reasonable to infer that decedent's residence upon the premises at low cost was for his, rather than the employer's benefit. The board's factual determination upon substantial evidence brings the case within the purview of the decisions in which recoveries have been denied when residence upon the premises was permissive merely and for the benefit and convenience of the employees concerned. (See, e.g., *Matter of Groff* v. *Uzzilia,* 1 A D 2d 273, affd. 2 N Y 2d 840). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.