EUGENE KILCOYNE'S CASE.

Suffolk.    April 6, 1967. — June 5, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& REARDON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Reservation
of rights.

There was no error of law in a finding by the Industrial Accident Board
in a workmen's compensation case that the employee, an attendant nurse
at an institution living in a room at the men's home there, sustained an
injury arising out of and in the course of his employment when he fell
on his day off while going up the steps of the men's home carrying
groceries to his room, where it appeared that, although he was not re-
quired to live at the institution and could take his meals where he chose
and was not subject to call when off duty, the home was maintained "for
the convenience of the institution" and the employee paid little more
than a nominal charge for his room there, that he was available, at his
election, to fill in for absent employees, and that it was advantageous to
the employer to have him live on the premises.    [575]

No administrative or judicial sanction was given or implied to a possible
claim by the employee in a workmen's compensation case for disability
resulting from an injury sustained on a specified date where both the
Industrial Accident Board and the final decree "specifically reserved"
the employee's rights "to the incident occurring on" that date in the
course of disposing of other claims by the employee.    [575–576]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Chmielinski, J.*

*Leonard Glazer,* Special Assistant Attorney General
(*Paul F. X. Powers,* Assistant Attorney General, with
him), for the self-insurer.

*James M. Delaney (John B. Delaney* with him) for the
claimant.

WHITTEMORE, J.    1.    The principal issue is whether Kil-
coyne's injury on December 6, 1962, is compensable under
the Workmen's Compensation Act.    The single member

found that it was, the reviewing board adopted his findings, and the decree in the Superior Court enforced the award. The compensation awarded because of this injury was for the period from December 6, 1962, to June 4, 1963. Kilcoyne is now deceased and compensation is payable under G. L. c. 152, § 39.

Kilcoyne had been an attendant nurse at the Walter E. Fernald State School since 1955. He began living on the school premises in 1957 or 1958. For his quarters in the men's home he paid rent of $1.54 a week. The Employee's Manual, Rule 7, provides: "Limited living quarters are available on the institution grounds to be assigned employees for the convenience of the institution as determined by the Superintendent. Rooms so occupied must be kept in good order and may be inspected at any time. Anyone creating a disturbance or causing or maintaining a nuisance in these quarters will be denied the privilege of occupying them."

Living on the premises was not a requirement of employment. There was a long waiting list of employees who desired to live there. Kilcoyne was free to take his meals where he chose, either in the school cafeteria or in his room, or off the premises. He purchased food off the premises and ate it in his room.

On December 6, 1962, on the first of two days off, Kilcoyne fell and sustained injury while going up the steps of the men's home carrying groceries.

The single member found that the employee's presence on the employer's premises was because of his employment and that he was occupying himself consistently with his contract of hire in a manner incidental to his employment. "His purchasing of food and bringing . . . [it] to his room . . . was incidental to his employment. I, therefore, find specifically that this employee did suffer personal injury arising out of and in the course of his employment on December 6, 1962."

The evidence established that the employees regularly work eight hour shifts and that at the end of a work shift

an employee is off duty and on his own time, with no employment duties. All employees are subject to call in emergencies. When an employee, because of illness or other cause, is unable to work on his assigned shift, another employee takes over his duties. That is not an "emergency situation." Employees when on the premises but off duty are not subject to their superiors except as to good conduct.

Kilcoyne testified that when he moved to the grounds he was working late shifts ("2:00 to 10:30, 9 to 5:30") and the men for whom he worked said, "Why don't you move in the grounds so you can work like 6:00 to 2:30?" He did as suggested, "so . . . [he] could work early." There is a rotating shift in the assignments. Many times the supervisor would call him to perform duty other than on his regular shift. This might be three times a week or once in three weeks. This happened "if somebody stayed out . . . or if someone called in sick you'd have to; naturally you wouldn't like to refuse."

In *Souza's Case,* 316 Mass. 332, the employee died in a fire while asleep in a lodging house away from his home. The absence from home was required by his work; he chose the lodging house, and was reimbursed for the cost of the room; he was subject to call by his employer for work at any time. The deceased's duties as a service man for a maker and seller of marine engines were the installation and repair of engines. This court held that the case stood as though the employer had directly provided the room and had insisted that the employee occupy it subject to call. Hence the employment was continuous and the injury and death arose out of and in the course of employment. See also *Sullivan's Case,* 265 Mass. 463, 464–465 (hotel employee's occupancy of a room on the employer's premises and her availability on call during off duty hours held "sufficient to establish . . . [a] contract of hire [that] included continuous service when needed"); *Sylvia's Case,* 298 Mass. 27, 28 (use of laundry facility by kitchen helper in a hospital found to have become "an incident of the employment itself").

There are numerous cases holding compensable injuries sustained on the employer's premises before or after work. *Warren's Case,* 326 Mass. 718. *Horan's Case,* 346 Mass. 128.

In *Doyle's Case,* 256 Mass. 290, this court held employment continuous where the nurse in a sanatorium was required to sleep on the premises and be subject to call at all times, even though the accident occurred after her day off had begun at 9 A.M. pursuant to the required permission granted that morning.

The self-insurer contends that there was no continuity of employment in this case because the employee was not required to live on the premises and was not subject to call when off duty. We agree that the possibility of an emergency call is irrelevant. We think, however, that the employee's presence on the premises on his day off was related to his employment. There was an advantage to the employer to have him live on the premises. This is reflected in the room rent, little more than a nominal charge. The advantage to the employer lay in having an employee immediately available, although at his election, to fill in for absent employees. The occupancy of the room thus had "elements of convenience and advantage on both sides." (*Sylvia's Case, supra,* at p. 28.) We think that the employment relationship did not cease because the employee was not required to respond to the calls to take another employee's shift. As the employee felt, the circumstances tended to force the employee's election. "[Y]ou'd have to; naturally you wouldn't like to refuse."

We conclude that the finding of employment status was not error of law. This is the opinion of the majority of the court.

2. The employee had also made claim for injuries in May and June, 1964, resulting in "incapacity . . . from August 24th, 1964, to date and continuing." The single member found that the employee had failed to sustain the burden of showing disabling injury at either of these times and that the Commonwealth as self-insurer was prejudiced

by the employee's failure to make prompt report or claim. He noted that a physician had testified to the view that a fracture that he had seen had been caused by a fall sustained by the employee in August, 1964. According to the employee this fall occurred during the night of August 26–27, 1964. The single member denied the claims for the May and June injuries. The reviewing board dismissed the claims for the May and June injuries and "specifically reserve[d] the employee's rights to the incident occurring on August 27, 1964." The final decree made no mention of the May and June injuries but ordered that the "rights of the employee . . . to the incident occurring on 27 August 1964 are specifically reserved."

Apart from any such purported reservation of rights, the employee would not have been barred by the findings and decree from filing claim for the fall in August, 1964. *Longerato's Case, ante,* 284, 285–286. The self-insurer recognizes this, but fears that the "superfluous" reservation may be misinterpreted as giving judicial sanction to the claim and interfering with available defences. We see no occasion for such misinterpretation. No administrative or judicial sanction has been given or implied.

3. The final decree is affirmed. Costs of appeal are to be determined by the single justice.

.*So ordered.*