BILLY L. BOURN, APPELLANT, V. HUGH L. JAMES, APPELLEE.
216 N. W. 2d 739

Filed April 11, 1974. No. 39286.

Philip T. Morgan, for appellant.

Kelly & Kelly, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCown, Newton, and Clinton, JJ., and Flory, District Judge.

Boslaugh, J.

This is a proceeding under the Workmen's Compensation Act. There is no issue concerning the applicability of the act to the defendant who is a rancher and farmer engaged in the purchase and sale of livestock. He lives at Ericson, Nebraska, and has a yard there where he keeps cattle. The plaintiff was employed to work at the yard and help care for the cattle. His duties included feeding and vaccinating the cattle and doing the regular chores.

The plaintiff lived in a small trailer owned by the defendant and located at the yard on the defendant's property. He was injured by a fire while asleep in the trailer at about 3 a.m., on December 4, 1971. The Workmen's Compensation Court found the plaintiff was entitled to compensation for temporary total disability, permanent partial disability, and his medical and hospital expenses. After a hearing before the full compensation court, the defendant appealed to the District Court.

The District Court set aside the award of the compensation court on the ground the findings of fact by that court did not support the award. The District Court found there was no finding that the plaintiff had established his claim by a preponderance of the evidence or that the injury was in fact caused by the employment. The plaintiff has appealed to this court.

A preliminary question is raised as to the jurisdiction of the District Court. The plaintiff contends the appeal to the District Court should have been dismissed because the defendant failed to serve a copy of the petition on appeal on the adverse party in the manner prescribed by section 48-183, R. R. S. 1943.

The statute provides a copy of the petition on appeal in the District Court shall be served upon the adverse party in the same manner as a summons as provided in sections

48-174 and 48-175, R. R. S. 1943, and return of service shall be made within 5 days. Sections 48-174 and 48-175, R. R. S. 1943, provide that upon commencement of the proceeding, service of summons may be made as in civil causes or by registered or certified mail. In this case the petition on appeal was served on the plaintiff's attorney by regular mail. No proof of service was filed until the hearing in the District Court on plaintiff's motion to dismiss the appeal.

The appeal to the District Court was a continuation of the proceeding commenced in the compensation court. We think the provisions in section 48-183, R. R. S. 1943, regarding the manner of service of the petition on appeal and the proof of service are directory rather than jurisdictional. Here there was timely service in fact on the adverse party and no prejudice resulted from the use of regular mail instead of certified or registered mail. The motion to dismiss was properly overruled.

The award by the single judge of the compensation court found the nature of the plaintiff's duties in his employment required that he "be available continuously" and it was necessary that he live on the premises of the defendant. The award by the full compensation court after trial de novo on rehearing contained these findings: "(1) While it does not appear from the evidence that the plaintiff was required, as a condition of his employment, to live on the defendant's premises, his contract of employment clearly contemplated that he should utilize the defendant's on-premises trailer house as his sleeping and living quarters as an incident to the employment; (2) This arrangement was not without benefit to the defendant employer, as it naturally tended to make the plaintiff available for such care-taking duties as might and occasionally did arise during nighttime hours, such as attending to calving heifers; (3) The activity of sleeping in on-premises sleeping quarters furnished by the employer is not such a personal mission in the context here presented

as to be excluded from the protection of the compensation law; * * *."

The question here is whether the findings of fact by the compensation court on rehearing support the conclusion that the injury to the plaintiff arose out of his employment. In order for the plaintiff to recover, there must be a causal connection between the injury and his employment. Hannon v. J. L. Brandeis & Sons, Inc., 186 Neb. 122, 181 N. W. 2d 253.

In determining whether a risk arises out of the employment, the test to be applied to any act or conduct of an employee which does not constitute a direct performance of his work is whether it is reasonably incident thereto or whether it is so substantial a deviation as to constitute a break in the employment and to create a formidable independent hazard. Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410.

The plaintiff was paid $350 per month and furnished board and lodging. No other employee lived on the premises.

There were 100 to 120 head of cattle in the yard at the time of the accident, including 7 to 10 springing Herefords. The defendant testified the plaintiff was not required to live on the premises but was allowed to live at the defendant's house or in the trailer at the yards because the plaintiff had no other place to stay. The defendant admitted the plaintiff was responsible for the care of the cattle, but said that if the cattle needed attention at night, the plaintiff was expected to notify the defendant or the defendant's wife. Apparently, this latter statement was contrary to his testimony at the first hearing. The defendant was away on business frequently and was not at home on the night of the accident.

There was no evidence to indicate the plaintiff was expected to work only fixed hours, and it was a fair inference from the testimony the plaintiff was "on call" while on the premises if his services were needed. There was

a clear benefit to the defendant from having the plaintiff live on the premises and it was reasonably incident to his employment as a caretaker and laborer at the yards.

As we view the record, the findings of fact by the compensation court support the award made on rehearing. The judgment of the District Court is reversed and the cause remanded with directions to reinstate the award of the compensation court.

REVERSED AND REMANDED WITH DIRECTIONS.