**Yvonne GILBERT**

v.

**Frances MAHEUX and the Employers Commercial Union Insurance Co.**

Supreme Judicial Court of Maine.

Sept. 29, 1978.

James MacMichael (orally), Carl R. Wright, Skowhegan, for plaintiff.

Mitchell, Ballou & Keith, by John W. Ballou (orally), Kevin M. Cuddy, Bangor, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.[1]

On July 16, 1974, Yvonne Gilbert filed with the then Industrial Accident Commission[2] a petition for an award of compensation pursuant to 39 M.R.S.A. §§ 51 and 54 of the Workmen's Compensation Act on account of an accidental injury which happened on February 4, 1974. After hearing, the Commission concluded that the petitioner had sustained a personal injury arising out of and in the course of her employment with Frances Maheux who owned and operated the Jackman Hotel at Jackman, Maine. A decree followed, ordering that

"compensation be paid for total incapacity at the rate of $45.17 per week which is to be adjusted in accordance with Chapter 225 of the Public Laws of Maine 1971 from February 4, 1974 to the date of this decree and to continue thereafter in accordance with the provisions of the Act."

The employer and her insurance carrier have appealed from the judgment entered pro forma in the Superior Court affirming the decision of the Commission.

We deny the appeal.

At the time of her injury, Yvonne Gilbert, the employee, was fifty-eight years old and had worked for her daughter, Frances Maheux, for about ten years as a chambermaid. Under the terms of her employment, the employee received room and board in addition to $35.00 per week net to her. Her responsibilities as chambermaid included cleaning the hotel's ten rooms, making the beds and doing the washings. The employee was permitted to perform these duties at her own pace, except on occasions when she had to do the work to accommodate the flow of business. Mrs. Gilbert resided in a second floor room that would otherwise have been reserved for guests of the hotel, while Mrs. Maheux and her family, which consisted of her husband and three children, resided in another section of the hotel.

Late in the afternoon of February 4, 1974, the employee, in order to join her daughter for dinner, was proceeding from her second floor room to the first floor kitchen on the hotel stairway which she was supposed to use. As she was descending, Mrs. Gilbert missed a step and fell. She sustained an intracapsular fracture of the left femur. Surgical intervention followed. Later a Moore prosthesis was done. Having undergone a thrombophlebitis, she still suffered at the time of hearing from a limitation of movement in the hip and any activity on her part was associated with pain.

The Commissioner explicitly found the reference facts and concluded that Mrs. Gilbert was totally disabled. The employer does not dispute the Commissioner's conclusion that the employee as a result of her accident of February 4, 1974 is totally incapacitated from engaging in gainful employment. The employer disputes, however, the Commissioner's finding that the employee's injury arose out of and in the course of her employment, and, thus, it was error, so it is contended, for the Commissioner to award Mrs. Gilbert total disability benefits.

The employer argues that, since the employee was not required to reside at the hotel under the terms of the employment contract, but was only permitted to do so as a mere convenience to the employee, it was error in law to find that the employee's injury arose out of and in the course of her employment. We disagree.

We commend the Commissioner for the elaborate findings made in this case. Besides those already mentioned, he specifically found as a fact:

1) "Yvonne Gilbert was not required to live on the employer's premises as an incident to the employment. Mrs. Gil-

1. Mr. Justice Dufresne sat at oral argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

2. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission and the Act is to be known as "The Workers' Compensation Act." See P.L. 1977, c. 612, s. 1 and c. 696, s. 390.

bert was permitted to reside on employer's premises and did reside on employer's premises at the time of her injury."

2) "Petitioner was on call as long as she remained on the premises. * * * She was an employee, who was continuously on call, and who resided on employer's premises at the time of her injury although not required as an incident to employment."

Furthermore, the Commissioner, inferentially if not explicitly, found as a fact that under the employment contract it was "contemplated," as distinguished from "required," that Mrs. Gilbert should utilize the employer's facilities (board and room) and remain as a resident on the employer's premises.

The problem is, whether or not the injury can be said to have arisen out of the employment and have occurred in the course thereof within the intendment of 39 M.R. S.A., § 51, given the circumstances such as are present in the instant case that the accident happened (as to time) when the employee was on her way to dinner and (as to place) on the employer's premises where the employee was permitted but not required to reside, bearing in mind the additional fact that she was continuously on call as long as she remained on the premises.

We must approach this problem mindful of certain principles of law applicable to workmen's compensation cases. First, we must perceive the distinction between the dual statutory requirements which necessitate that the injury arise out of and in the course of the employment to be compensable. The "arising out of" factor means that "the injury, in some proximate way, had its origin, its source, its cause in the employment," while the concept of an injury "in the course of" the employment "refers to time, place and circumstances." In relation thereto, we may say that, if the accident is the product of a risk created by or incidental to the employment and if the worker, while residing on the employer's premises even though not required to do so, may be treated as continuously employed for com-

pensation purposes, both prerequisites for the recovery of benefits under the Act would be satisfied. *Westman's Case*, 118 Me. 133, 106 A. 532 (1919); *Paulauskis' Case*, 126 Me. 32, 34, 135 A. 824 (1927); *Brown v. Palmer Construction Company, Inc.*, Me., 295 A.2d 263 (1972); *Barrett v. Herbert Engineering, Inc.*, Me., 371 A.2d 633, 636 (1977).

Secondly, we must not lose sight of the general humanitarian purpose which the Act was intended to achieve and, in furtherance of legislative policy, we must bring to the statute a liberal construction which will implement the will of the Legislature. This law must be construed liberally in favor of the employee. 39 M.R.S.A., § 92. *Ross v. Oxford Paper Co.*, Me., 363 A.2d 712 (1976); *In re Dudley*, Me., 256 A.2d 592 (1969).

As stated in *Tocci v. Tessler & Weiss, Inc.*, 28 N.J. 582, 147 A.2d 783, at page 785 (1959):

"The continued sweeping generality of the statutory language and its judicial definition suggest the conscientious endeavor to maintain a liberally just line between those accidental injuries which may be said to have had some work connection and those which may be said to have been unrelated to the employment. In drawing that line the courts have not rested on any legalistic formula but have sought to apply the comprehensive legislative compensation plan fairly and justly to the particular facts presented."

See also *Rioux v. Franklin County Memorial Hospital*, Me., 390 A.2d 1059 (Opinion August 21, 1978); *Levesque v. Levesque*, Me., 363 A.2d 951, 954 (1976).

Thirdly, we must abide by the legislative mandate that the Commissioner's decision, in the absence of fraud, shall be final upon all questions of fact. 39 M.R.S.A., § 99. This Court has repeatedly so ruled, provided the Commissioner's findings of fact are supported by competent evidence and reasonable inferences which may be drawn therefrom. *McQuade v. Vahlsing, Inc.*, Me., 377 A.2d 469, 471 (1977); *Ross v.*

Oxford Paper Company, supra; Willette v. Statler Tissue Corp., Me., 331 A.2d 365, 369 (1975); Soucy v. Fraser Paper, Limited, Me., 267 A.2d 919, 921 (1970). On the other hand, errors of law made by the Commissioner in reaching his decision are subject to appellate review. He must be guided by legal principles and, if he finds facts without supporting competent evidence or if he is in error as to the law he applies to the facts, then he commits an error of law reversible on appeal. Ferris' Case, 123 Me. 193, 122 A. 410 (1923); Crosby v. Grandview Nursing Home, Me., 290 A.2d 375 (1972); Dailey v. Pinecap, Inc., Me., 321 A.2d 492 (1974); Jacobsky v. D'Alfonso & Sons, Inc., Me., 358 A.2d 511 (1976).

■ But, the ultimate conclusion whether an employee is injured by an accident arising out of and in the course of his employment may be a question of law, one primarily of fact, or a mixed question of law and fact, depending on the total situation on a case by case basis. Koschay v. Barnett Pontiac, Inc., 386 Mich. 223, 191 N.W.2d 334, 335 (1971).

In Ross v. Oxford Paper Company, supra, we said that in that case the question of whether the injury arose "out of and in the course of his employment" was one of fact.

But we recognized in Jacobsky v. D'Alfonso & Sons, Inc., supra, the frequency of situations involving a mix of questions of fact and law which requires for resolution the use by the Commissioner of a two-step analytical process—"first, a finding of pure facts by means of the assessment of the probative value of the evidence and, second, an evaluation of the capacity of these facts to meet a certain legally defined standard" —such as, here, whether the employee who, as conclusively found by the Commissioner, was injured on the premises of the employer at a time when she was on her way to dinner as a permitted but not required living-in chambermaid, received a personal injury by accident arising out of and in the course of her employment within the meaning of the Workmen's Compensation Law. This Court was confronted with such a situation in Wardwell's Case, 121 Me. 216, 116

A. 447 (1922); Bowden's Case, 123 Me. 359, 123 A. 166 (1924); Lancaster v. Cooper Industries, Me., 387 A.2d 5 (1978). See also Bryan v. First Free Will Baptist Church, 267 N.C. 111, 147 S.E.2d 633 (1966).

In supporting her contention that Mrs. Gilbert's injury did not as a matter of law arise out of and in the course of her employment, the employer cites the statement by Professor Larson in his treatise on Workmen's Compensation Law, § 24.40 regarding the rights of employees who are permitted, but not required, to live on their employer's premises:

"When residence on the premises is merely permitted, injuries resulting from such residence are not compensable under the broad doctrines built up around employees required to reside on the premises."

The Commissioner's specific finding of fact that Mrs. Gilbert was not required to reside at the hotel as a condition of the employment contract, but was merely permitted to do so, has reference to pure fact, is binding on us and must be taken as final in deciding whether the Commissioner's ultimate decision awarding compensation was error of law.

The authorities are in conflict. Denying compensation where residence on the premises was permissive only and the injury was not directly associated with the employment are such cases as: Guastelo v. Michigan Cent. R. Co., 194 Mich. 382, 160 N.W. 484, L.R.A.1917D, 69 (1916); Danville, U. & C. Ry. Co. v. Industrial Commission, 307 Ill. 142, 138 N.E. 289 (1923); Associated Oil Co. v. Industrial Acc. Commission, 191 Cal. 557, 217 P. 744 (1923); Guiliano v. Daniel O'Connell's Sons, 105 Conn. 695, 136 A. 677, 56 A.L.R. 504 (1927); Wallace v. Texas Indemnity Ins. Co., 94 S.W.2d 1201 (Tex.Civ.App. 1936); Thornton v. La.-Miss. Pipeline Const. Co., 214 Miss. 314, 58 So.2d 795 (1952); Brooks v. New York State Dept. of Correction, 26 A.D.2d 850, 273 N.Y.S.2d 1001 (1966); Barrick v. Pocono Highland Camp, 208 Pa.Super. 72, 220 A.2d 662 (1966).

Exceptions, however, have been recognized in a variety of situations. If the

distance of the work from residential facilities was great or if there was a lack of available accommodations elsewhere, some courts have permitted recovery of compensation benefits for injuries sustained on employer-furnished facilities outside the employee's regular hours of work, even though the employer did not absolutely require their use, on the theory that residence on the employer's premises was, nevertheless, "required" as a practical fact of life. *Musson v. Industrial Commission*, 248 Wis. 192, 21 N.W.2d 265 (1946); *Allen v. D. D. Skousen Const. Co.*, 55 N.M. 1, 225 P.2d 452 (1950); *Hunley v. Industrial Commission*, 113 Ariz. 187, 549 P.2d 159 (1976); see also *Northern Corporation v. Saari*, 409 P.2d 845 (Alaska 1966).

Other courts have awarded compensation, even though the employee was not required to live in quarters provided by the employer, on the broad concept that the use of employer facilities was contemplated by the parties. *Wilson Cypress Co. v. Miller*, 157 Fla. 459, 26 So.2d 441 (1946); *Truck Insurance Exch. v. Industrial Accident Com'n*, 27 Cal.2d 813, 167 P.2d 705 (1946).

Recovery of compensation benefits was allowed also where the courts found that the presence of the employee in the optional facilities of the employer was of a clear and substantial benefit to the employer. *Carl v. West Hill Sanitarium*, 15 A.D.2d 703, 223 N.Y.S.2d 446 (1962); *Broman v. A. Brassard, Inc.*, 35 A.D.2d 142, 314 N.Y.S.2d 850 (1970); *Bourn v. James*, 191 Neb. 635, 216 N.W.2d 739 (1974). See also *Brown v. Palmer Construction Company, Inc.*, supra.

In the instant case, the Commissioner found as a fact that, even though she was not required to reside at the hotel, Mrs. Gilbert was "continuously on call" while she was present on the premises. This finding of fact, which is conclusive upon us, justified the Commissioner in deciding that Mrs. Gilbert's accidental injury arose out of and in the course of her employment. Even though in *Brown v. Palmer Construction Company, Inc.*, Me., 295 A.2d 263, at page 266 (1972), we characterized the "on call" factor as fiction and a slender reed upon

which to hang the distinctive feature between certain cases, we cannot say that such fact, which was of substantial benefit to the employer, was not a material incident of the employment. When an employee, such as a chambermaid, is permitted to live on the employer's premises, even though not required to do so, and is continuously on call while on the premises, an injury suffered by such employee while making a reasonable use of the employer's premises arises out of and in the course of the employment, although the injury is incurred during the employee's leisure time, as in this case, while she was on her way to dinner.

*In re Kilcoyne's Case*, 352 Mass. 572, 227 N.E.2d 324 (1967), an attendant male nurse who lived in a men's home operated by his employer injured himself on his day off while carrying groceries up the steps of the home. Although the employee was not required either to live on the premises or to be on call during his off-duty hours, the Supreme Judicial Court of Massachusetts held that his injury was compensable. The critical factor in the Court's decision was that the employee's residence on the premises gave the employer an "advantage [of] having an employee immediately available, although at his election, to fill in for absent employees."

In *Sullivan's Case*, 265 Mass. 463, 164 N.E. 392 (1929) a maid in a hotel, after completing her work for the day, was injured while proceeding to her room in the building furnished by her employer for the use of the employees. Under her contract of hire, the maid was required to perform extra duties when needed and was subject to call at any time beyond her regular hours, provided she was present on the premises. She was not required to remain on the premises twenty-four hours a day, nor was she obliged to occupy the room supplied by her employer, although she was permitted to do so. Compensation was justified on the ground that the contract of hire included continuous service when needed.

In *Barbarise v. Overlook Hospital Ass'n*, 88 N.J.Super. 253, 211 A.2d 817 (1965), a practical nurse, residing by personal choice in a residence provided by the hospital-employer but not required to do so was awarded compensation for injuries sustained in a fall on a stairway in the residence at a time when she was not on duty or on call. The New Jersey Court's rationale was that the residence facilities furnished to the employee by the employer were mutually beneficial and "like parking lots provided for employees by the employer, [are] 'a part of the *locus* of employment' and an injury sustained by an employee while using such residence facility properly, reasonably and in the manner contemplated by the employer is 'reasonably incidental to the employment and compensable.' "

We believe that our adoption of the Massachusetts and New Jersey Courts' rationale will better serve the humanitarian legislative policy of this State in the implementation of the Workmen's Compensation Act, so that

the entry will be,

Appeal denied.

Judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with her reasonable out-of-pocket expenses for this appeal.