Robert L. BLACKMAN

v.

HARRIS BAKING CO.

Supreme Judicial Court of Maine.

Oct. 26, 1979.

Joseph T. Walsh (orally), Bangor, for plaintiff.

James E. Millett (orally), Clyde L. Wheeler, Waterville, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

Robert L. Blackman appeals from a pro forma decree of the Superior Court, Penobscot County, affirming an order of the Workers' Compensation Commission dismissing his petition for compensation. Blackman had sustained an injury while operating a vehicle of his employer, defendant Harris Baking Company. The Commission based its decision on a finding that at the time of the accident Blackman was operating the vehicle for his own personal use. He argues on appeal that his injury was compensable because he was "on call" at his home, to which he was returning at the time of the accident, and because the accident was a risk incident to his employment. We deny his appeal.

The Commissioner's findings of fact, based on undisputed testimony, were as follows:

". . . Robert L. Blackman has been employed by Harris Baking Company for a period of years and as an assistant supervisor during the past few years. As part of Mr. Blackman's duties he was to deliver bakery products to various customers and on occasion he would do this outside of his regular working hours. As part of his employment, Robert Blackman was supplied with a company van to be used to deliver bakery products to diverse customers and by Robert L. Blackman for his own personal use. On August 30, 1978 Robert L. Blackman used the van for purposes of transportation to a friend's home from where he went to a golf course in the Hermon area. After completing a round of golf he returned to his friend's home and with the company van commenced the journey to his own home. During the trip to his home an accident occurred and he sustained injuries to his left leg. The Commission finds that Robert L. Blackman was engaged in purely personal activities at the time the accident occurred."

The Commissioner concluded by stating that Blackman's injuries "did not arise out of the course of his employment," and dismissed the petition.

The Commissioner made no other findings of fact. The record of Blackman's testimony indicates that he considered himself "on call," twenty-four hours a day, seven days a week. However, he ordinarily did not work Wednesdays and Sundays, and he was not on duty at the time of the accident, which occurred on a Wednesday. The record also shows that the company deducted $2.50 a week from Blackman's pay for his privilege of using the company van for his own personal purposes. The company retained ownership of the van, and the record does not indicate that Blackman had any responsibility for its maintenance.

The Commissioner made no findings of fact as to the cause of the accident, but Blackman's testimony suggests the possibility that the condition of the van might have been responsible. There were no other vehicles or pedestrians involved. Blackman stated that he "felt a jerking on the wheel" but recalled nothing else until he awoke in the hospital. No other evidence was introduced with regard to the accident.

█ The only issue raised by this appeal is whether Blackman's injury was one "arising out of and in the course of his employment," within the meaning of Maine's Workers' Compensation Act, 39 M.R.S.A. § 51 (1978). The Commissioner's findings are final to the extent that they are findings of fact supported by competent evidence, but errors of law are subject to appellate review. *Gilbert v. Maheux*, Me., 391 A.2d 1203, 1205–06 (1978). Here the Commissioner made a finding of fact that Blackman was engaged in "purely personal activities" at the time of the accident. The only reviewable question is whether that finding is sufficient to support the legal conclusion that the injury did not arise "out of and in the course of" Blackman's employment.

█ The statute creates two separate requirements for a compensable injury,

defined in *Gilbert v. Maheux, supra*, as follows:

"The 'arising out of' factor means that 'the injury, in some proximate way, had its origin, its source, its cause in the employment,' while the concept of an injury 'in the course of' the employment 'refers to time, place and circumstances.'" 391 A.2d at 1205.

Both requirements must be met; one alone is not sufficient. *Wolfe v. Shorey*, Me., 290 A.2d 892 (1972). We interpret the Commissioner's actual conclusion that the injury "did not arise out of the course of [Blackman's] employment," as meaning that the claimant had failed to satisfy one or both of the requirements. We conclude, in view of the Commissioner's findings, that the claimant's injury did not arise in the course of his employment.

Relying on *Gilbert v. Maheux, supra*, Blackman argues that his injury arose "in the course of his employment" because he was "on call." The Commissioner made no finding to that effect, and the evidence is unclear as to the extent, if any, to which he was "on call." Even if we assume he was "on call" in some sense, the present case differs from *Gilbert*. There we held that a chambermaid who lived on her employer's premises provided a "substantial benefit to her employer" by being constantly present and available to perform services. 391 A.2d at 1205–07. Earlier, in *Brown v. Palmer Construction Co., Inc.*, Me., 295 A.2d 263, 266 (1972), where we upheld an award to two traveling employees injured in their lodgings while off duty, we said it did not matter whether they were "on call" when the injuries occurred. In both *Gilbert* and *Brown*, the employees were engaged in a continuous work-related activity which either advanced directly or indirectly the interests of the employer (*Gilbert*) or was in some way an inherent part of the conditions of employment (*Brown*). See 1A A. Larson, *The Law of Workmen's Compensation* § 20, at 5–1. In contrast, Blackman's employer did not benefit from Blackman's use of the vehicle for personal activity. See *Loyola University v. Industrial Commission*, 408 Ill. 139, 96 N.E.2d 509 (1951); 1A A. Larson, *supra*, § 24.22, at 5–178 to 5–180, § 24.23 (1979).

Blackman contends that his home was an "auxiliary place of business" to which he was returning, with the result that he should come under the rule providing for compensation when an employer furnishes transportation to a place of work, citing *Littlefield's Case*, 126 Me. 159, 136 A. 724 (1927). In some circumstances the employee's home can be a place of business, but the evidence in this case certainly does not require such a conclusion as a matter of law.

The entry will be:

Appeal denied.

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.