Forrest W. WADLEIGH

v.

Robert B. HIGGINS and Fireman's Fund
American Insurance Companies.

Supreme Judicial Court of Maine.

April 2, 1979.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), Bangor, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Ronald D. Russell (orally), Robert L. Hazard, Portland, for defendants.

Before McKUSICK, C. J., POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ., and DUFRESNE, A. R. J.

PER CURIAM.

Employee Forrest W. Wadleigh appeals from the decision of the Industrial Accident

Commission,[1] affirmed by the pro forma decree of the Superior Court (Waldo County), denying Wadleigh's petition for review of incapacity. Wadleigh contends that the commissioner erred in concluding that Wadleigh's work search was insufficient to entitle him to compensation for total work incapacity. We disagree.

The employee has been before this court previously. In *Wadleigh v. Higgins,* Me., 358 A.2d 531 (1976), we held that Wadleigh was entitled to compensation for total work incapacity stemming from a 100% medical disability caused by an injury arising out of and in the course of his employment. On December 9, 1976, shortly after that decision was rendered, the employer, Robert B. Higgins, filed a petition for review. After a hearing at which three physicians testified, the commissioner found that Wadleigh's medical disability had decreased by 10% and that he was therefore entitled to compensation for a 90% medical disability. At this hearing, the employee made no attempt to show that he had made an unsuccessful good faith effort to obtain work within his physical limitations. The commissioner entered a decree reducing Wadleigh's compensation benefits on August 24, 1977. Wadleigh did not appeal from this decree.

On October 24, 1977, however, Wadleigh filed a petition for review pursuant to 39 M.R.S.A. § 100,[2] alleging that his incapacity had increased. At the hearings held on this petition the employee presented evidence to show 1) that his medical disability had increased to 100% or, in the alternative, 2) that his partial medical disability rendered him unemployable. The commissioner's decree of June 13, 1978 stated that the evidence did not show an increase in Wadleigh's medical disability above 90%. This conclusion is not challenged on appeal. The commissioner also stated that the employ-

ee's testimony regarding his efforts to get a paying job did not convince the commissioner that there was "no such work available within the environs of his home." On appeal Wadleigh asserts that this second conclusion was erroneous.

■ The employee sought to establish his total work incapacity by proving that his partial medical disability prevented him from finding employment. To carry his burden of proof on this aspect of the case, the employee was required to prove that he had made "a good faith effort to obtain work within the tolerance of his physical condition" and "that he failed in his effort" because "employers in his community would not hire people with such a limited capacity to do the type of work within his tolerance, or because there was no reasonably stable market in his community for that restricted work of which he was capable." *Bowen v. Maplewood Packing Co.,* Me., 366 A.2d 1116, 1119 (1976).

■ In reviewing the commissioner's decision on these questions of mixed law and fact, we direct ourselves to the issue of whether or not the commissioner's ultimate conclusions were "arbitrary or capricious" or "predicated upon erroneous principles of law." *Jacobsky v. D'Alfonso & Sons, Inc.,* Me., 358 A.2d 511, 515 (1976).

■ At first glance, the commissioner's choice of words might indicate that he did not apply the correct legal principles in determining whether or not the employee had carried his burden of proof. The employee is not called upon to prove that a job within his physical limitations does not exist within his community. Though such a job may exist, the law does not require that the partially disabled employee find it. He need only show that he made a good faith effort in looking for such type of work and

---

1. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, ch. 612, effective July 6, 1978.

2. This statute provides in part: "While compensation is being paid . . . under any agreement, award or decree, the incapacity of

the injured employee due to the injury . . . may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended . . . ."

that his failure to find such a job was causally related to his partial medical disability.

A close examination of this record convinces us that the commissioner applied the correct legal standard, notwithstanding his choice of words. We find there is a rational basis for the conclusion that Wadleigh failed to make a good faith effort to obtain work within his physical limitations. "In assessing [the] reasonableness of a work search," the commissioner is to consider several factors, including "the frequency and persistence of the [employee's] effort and the type and appropriateness of employment sought." *Bowen v. Maplewood Packing Co., supra* at 1119.

Here, although the employee visited seven potential employers, the record contains evidence lending support to the conclusion that the employee chose to visit employers who offered employment only to men capable of performing physically demanding tasks. On this record, we cannot say that the commissioner's conclusion that Wadleigh failed to make a good faith effort to find work is without rational support.[3]

The entry will be:

Appeal denied.

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

WERNICK, J., did not sit.

DUFRESNE, A. R. J., sat by assignment.

---

[3.] The employer also raised as a defense against the employee's entitlement to worker's compensation benefits based on total disability the failure of Wadleigh to demonstrate by evidence a change in suitable employment availability between August 24, 1977, the date of the commissioner's previous decree, and October 24, 1977, when the instant petition for review was filed. Having decided the case on another ground, we do not reach this other issue.