Karl B. POOLE

v.

STATLER TISSUE CORPORATION and
Home Insurance Companies.

Karl B. POOLE

v.

STATLER TISSUE CORPORATION.

Supreme Judicial Court of Maine.

April 18, 1979.

Harold J. Shapiro, Michael J. Daly, Gardiner, for plaintiff.

Norman & Hanson by Robert F. Hanson (orally), Stephen Hessert, Portland, for Home Ins. Co., appellant.

Clyde L. Wheeler (orally), Phillip E. Johnson, Waterville, for Statler Tissue, appellee.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Following an award of compensation against Statler Tissue Corporation (Statler) and its then carrier, Home Insurance Companies, the insurer timely appealed from the pro forma decrees that affirmed the Workers' Compensation Commission's (WCC) findings that an incident on June 9, 1977, was the sole cause of the employee's disability from June 13, 1977, to June 30, 1978.

We sustain the appeals.

The appeals of two pro forma decrees consolidated here by agreement involve three decisions of the WCC. On May 17, 1977, Statler, as a self insurer, presented a Petition for Review of Incapacity of its employee Karl Poole, who had sustained an injury on November 21, 1976. After returning to work on June 6, 1977, Mr. Poole petitioned for an award of compensation against Statler and its insurer, Home Insurance, for an injury allegedly sustained on June 9, 1977. In WCC decree # J–36758, the Commission held that since the employer had demonstrated no change in the employee's condition, all compensation payments were properly payable until the employee's return to work on June 6, 1977, at which time payments were suspended. With regard to the employee's petition for further compensation, the WCC within decision # K–19985 found

> that on the 9th day of June, 1977, while working as a checker in the employ of the Statler Tissue Corporation at Augusta, Maine, while lifting a shovel full of refuse, [the employee] received a sharp pain in his back which radiated to his left leg. Further, it is found that he aggravated a pre-existing condition in his back at that time and was a sufficient incident to make a substantial contribution to the difficulties he encountered thereafter.

In a later and final decision upon the employee's petition the Commission found that the June 9th incident was the sole cause of Mr. Poole's disability from June 13, 1977, until his return to work on *June 30, 1978*.[1]

While working for Statler on November 21, 1976, Mr. Poole felt a sharp pain across his low back and into his left leg as he bent over and attempted to lift a heavy box of wastepaper. Following this incident Mr. Poole suffered severe pain in the lumbosacral region of his back which radiated into his left leg to the ankle. A myelogram revealed no herniated or ruptured disc and conservative treatment was recommended. By agreement the employee received compensation from Statler, then self-insured, from January 2, 1977, until his return to work on June 6, 1977.

On June 9, 1977, while assigned to raking and shoveling refuse at Statler, Mr. Poole felt a resumption of the pain in his back that he had experienced after the episode of November 21, 1976. Although he worked for the remainder of the week of June 9th, as a result of his worsened condition Mr. Poole was unable to work from June 12, 1977, to January 30, 1978.

■■■■ Generally findings of the WCC will not be set aside on appeal if supported by competent evidence. *See, e. g., Murray v. T. W. Dick Company*, Me., 398 A.2d 390 (March 1, 1979); *Rioux v. Franklin County Memorial Hospital*, Me., 390 A.2d 1059, 1060 (1978); *McQuade v. Vahlsing, Inc.*, Me., 377 A.2d 469, 471 (1969); 39 M.R.S.A. § 99. This rule is premised upon the finder of fact's opportunity to hear and see the witnesses, their vocal inflections and facial expressions, before reaching a conclusion upon

---

1. The Commission's finding relative to the period of the employee's latest disability is an obvious error. Mr. Poole testified at a hearing held on *February 15, 1978*, that he had returned to work on *January 30, 1978*, although at a reduced wage.

the issues of fact. *Matthews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 244 (1970); Field, McKusick & Wroth, *Maine Civil Practice 2nd*, § 52.8 (1970). The reason for the rule obviously dissipates when the Commission must make its findings from the barren landscape of depositional transcripts. In such an instance the Law Court is equally capable of making findings of fact and should do so uninfluenced by the findings of the WCC. *Matthews v. R. T. Allen & Sons, Inc.*, 266 A.2d 244.

In this case the commissioner personally heard only the testimony of the employee.[2] Depositions taken on December 13, 1977, from Dr. Daniel Rock and from Dr. John P. Greene were the only other evidence introduced.

Assuming *arguendo* that expert medical evidence of causation is not essential in the case of successive back injuries, we nevertheless are unable to find within the employee's testimony alone competent evidence to support the finding of the WCC that the incident of June 9th was at least a contributing cause of the employee's subsequent disability. Moreover, the employee's testimony seems to indicate a mere recurrence of the November 21st injury.[3]

 Without competent evidence within the testimony heard by the commissioner to sustain the finding, we must reach our own conclusions upon the issue of causation from the depositions. A review of this medical testimony convinces us that Mr. Poole's most recent disability was but a recurrence of his earlier injury. An examination of Mr. Poole on May 5, 1977, revealed a continuation of radiculitis around the left buttocks radiating down the left leg to the ankle. At that time he had suffered from this condition for six months. A mye-

logram revealed only a minimal defect in the spine, which Dr. Rock did not consider to be significant. After working for the week of June 6, 1977, Mr. Poole suffered an increased level of pain that was related to the same lumbosacral strain witnessed by Dr. Rock prior to the employee's return to work. No evidence of a disc rupture was observed on June 13, 1977, and Dr. Rock continued to advise conservative treatment with only light work not requiring any bending or lifting. The pathology of Mr. Poole's back remained unchanged after the incident of November 21, 1976, until the proceedings relative to the employee's petition. Dr. Rock further testified that the June 9th episode represented merely a recurrence of the complaints originating with the incident of November 21st.[4] In short, the medical testimony, as revealed in the depositions, is inconclusive on the critical issue of whether the work performed on June 9th was causally related to Mr. Poole's disability.

 If a disability of an employee is the direct result of a previously suffered injury and a second injury does not operate as a separate intervening contributing cause of the disability, the insurer at the time of the original injury remains liable for the employee's continuing disability. *Willette v. Statler Tissue Corporation*, Me., 331 A.2d 365, 367 (1975); *Rock's Case*, 323 Mass. 428, 429–430, 82 N.E.2d 616, 618 (1948); 4 Larson's Workmen's Compensation Law § 95.12 (1978). Since we conclude that the injury sustained by the employee on November 21st resulted in a condition that has continued and caused a recurrence of more severe pain following a day of bending and lifting that did not itself independently produce the employee's disability, Statler, as the insurer at the time of the

---

**2.** Although presiding at a hearing in which Dr. Daniel Rock testified about Mr. Poole's condition relative to the June 9th incident, the commissioner did not consider that testimony pursuant to an agreement of the parties.

**3.** Mr. Poole testified that he had never been free from pain since his injury on November 21st. He further stated that the pain he suffered after June 9th came on gradually that day

and was exactly like the pain he felt following his earlier injury.

**4.** Dr. John P. Greene saw Mr. Poole only on July 25, 1977, and, *without expressing any opinion as to the cause thereof*, deposed: "And I thought that persistence of symptoms and present findings suggest the definite possibility of intervertebral disc herniation."

original injury, is liable for compensation of the employee for his disability from June 13, 1977, to January 30, 1978.

The entry is:

Appeals sustained.

Pro forma decrees of the Superior Court vacated.

Remanded to the Superior Court for remand to the Workers' Compensation Commission with direction for entry of an award of compensation for the period June 13, 1977, to January 30, 1978, against Statler Tissue Corporation, as a self-insurer.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses, for this appeal.

POMEROY and DELAHANTY, JJ., did not sit.