### Albert U. MORTIMER

v.

### HARRY C. CROOKER & SONS, INC. and United States Fidelity and Guaranty Company.

Supreme Judicial Court of Maine.

Argued May 7, 1980.

Decided Dec. 17, 1980.

---

McTeague, Higbee & Tierney, Patrick N. McTeague (orally), Maurice A. Libner, Brunswick, for plaintiff.

Robinson & Kriger, Sarah Allison Thornton (orally), James S. Kriger, Portland, for defendants.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and ARCHIBALD, A. R. J.

ROBERTS, Justice.

In *Mortimer v. Harry C. Crooker & Sons, Inc.*, 404 A.2d 228 (1979), this Court vacated the dismissal by the Workers' Compensation Commission of a petition for further compensation and remanded the case to the Commissioner for additional findings. After reconsideration in accordance with our instructions, the Commissioner denied the petition. Mortimer now appeals from the pro forma decree affirming the denial of his petition on the basis that the Commissioner's findings are not supported by the evidence. We affirm the pro forma judgment.

The facts of the case are set out in detail in our prior opinion. In brief, Mortimer was a truck driver with a limited education and few other skills. In addition to experiencing several personal misfortunes, including two divorces, Mortimer was involved in two recent truck accidents in the course of his employment. In the first, in 1971, Mortimer sustained a head injury causing him to miss work for approximately one year, for which he received compensation. He was diagnosed at this time as showing symptoms of traumatic neurosis. In 1975, Mortimer's dump truck left the road and rolled over one and a half times, with Mortimer suffering a shoulder injury and a blow to the head. Mortimer, who was sixty–one years old at the time of the second accident, has not returned to work, claiming that he suffers recurrent headaches and

becomes very nervous when he goes near trucks or tries to drive.

By agreement with his employer, Harry C. Crooker & Sons, Inc., Mortimer received compensation for the shoulder injury suffered in the 1975 accident. In 1977, he filed a petition for further compensation for "traumatic neurosis and other nervous and psychiatric disability, and other related injuries" in addition to his shoulder injury. After taking oral and written evidence, the Commissioner dismissed the petition. In vacating the dismissal on Mortimer's first appeal, this Court instructed the Commissioner to determine on remand the following: (1) whether the employee currently suffers a psychological infirmity, (2) whether the disorder arose out of the 1975 collision in which the employee was injured, and (3) whether the employee is currently incapacitated on account of this infirmity. 404 A.2d at 231 n. 5.

After reviewing the evidence, the Commissioner found that, although Mortimer suffered from a psychological disability, he had not shown that his condition arose out of the 1975 accident. He therefore denied the petition for further compensation. Because of his findings on the second question, the Commissioner did not need to reach the third question presented by the court. On appeal, Mortimer contends that the Commissioner's conclusion is unsupported by any competent evidence.

■ Viewing the evidence as a whole, we cannot say that the Commissioner acted unreasonably in finding that Mortimer failed to prove that his psychological problems resulted from the 1975 accident. Although Mortimer can point to evidence presented by one psychiatrist indicating that the 1975 accident played a role in causing his incapacity, evidence from other doctors suggests that his psychological disorders were not caused by the accident but, rather, resulted from his personal problems.

■ We do not suggest that the conclusion reached by the Commissioner was required as a matter of law. Had he decided in favor of the employee, we could find evidence in the record to support that conclusion. Determining which evidence should be accepted, however, is not our role. So long as the record presents sufficient evidence to support the Commissioner's findings and discloses no misconception of the applicable law, we should affirm the result. See Wing v. Cornwall Industries, Me., 418 A.2d 177, 181 (1980).

■ Mortimer, however, invites us to disregard the Commissioner's findings and independently determine the facts. He suggests that, because most of the evidence was submitted in writing and the oral testimony provided no support for the Commissioner's findings, we are freed from the usual narrow scope of appellate review. We have recently considered and rejected a similar invitation on behalf of an employer-appellant. Dunton v. Eastern Fine Paper Company, Me., 423 A.2d 512 (1980).

The entry is:

Pro forma judgment affirmed.

It is ordered that the appellees pay to the appellant $550.00 for his counsel fees, plus his actual and reasonable out-of-pocket expenses of this appeal.

All concurring.