**Claire COSTA**

**v.**

**Mr. "G" FOODLINER and New Hampshire Insurance Co.**

Supreme Judicial Court of Maine.

Argued June 8, 1981.

Decided July 6, 1981.

Nisbet, MacNichol & Ludwig, Francis M. Jackson (orally), Alexander MacNichol, South Portland, for plaintiff.

Preti, Flaherty & Beliveau, Keith A. Powers (orally), Portland, for defendants.

Before McKUSICK, C. J., and GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

Claire Costa, widow of the employee, John Costa,[1] appeals from a pro forma decree affirming the decision of the Workers' Compensation Commission which denied several petitions for award of compensation. We affirm the judgment below.

John Costa was employed by Mr. "G" Foodliner in Gorham as a meat cutter. In March 1974, he began suffering from a flu-like disease. He was hospitalized intermittently, eventually became partially paralyzed, and died on June 11, 1979.

In February 1976, John Costa filed a petition for award of compensation claiming that he cut his finger while cutting meat on March 11, 1974, resulting in "brucellosis and/or another disease related to and caused by animal or bird contagion." In April 1976, he filed a petition for award of compensation for occupational disease resulting from "infection transmitted on March 11, 1974, while cleaning off scraps from an unclean bench." In December 1977, he filed a petition for permanent im-

---

1. According to the Commission's decree, the employee, John Costa, died after completion of the hearings on the petition filed by him, but before the Commission issued its decision. The record does not otherwise disclose the fact of the employee's death or the appointment of a legal representative. Claire Costa pursues this appeal on behalf of John Costa, without objection from the employer. We conclude from this, and from her filing of a petition for death benefits "as widow and representative of John Costa," that she is a proper party to prosecute this action, under 39 M.R.S.A. § 105, which provides: "No proceedings under this Act shall abate because of the death of the Petitioner, but may be prosecuted by his legal representative or by any person entitled to compensation by reason of said death under this Act." We have therefore changed the caption to designate Claire Costa as the appellant.

pairment, pursuant to 39 M.R.S.A. §§ 56 and 56A. Following John Costa's death in June 1979, his widow filed a petition for death benefits and burial expenses pursuant to 39 M.R.S.A. §§ 58 and 59.

On October 7, 1980, the Commission denied all the pending petitions, concluding:

John Costa, Sr. suffered from a disease which totally disabled him from April 11, 1976 onward and which probably resulted in his death on June 11, 1979. Although there is reason to suspect that this condition may be related to Mr. Costa's employment as a meat cutter, the extensive medical studies do not establish that [it] is more probable than not that the disease was caused by Mr. Costa's employment activities as a meat cutter in April 1976 and before that date.

I.

█ We first address the appellant's contention that the Commission's decision was rendered by a Commissioner who had not heard the evidence, and that we must therefore remand the case for a decision by the Commissioner who presided at the hearings, even though that Commissioner's term was expired.[2] At the time of the hearings on the employee's petitions, the statute made no provision for a decision to be rendered by a Commissioner whose term had expired.[3] Therefore, we consider only whether the Commissioner committed prejudicial error in failing to hold a new evidentiary hearing when the first Commissioner became unavailable to continue with the case. The Commissioner explicitly based his decision on the medical evidence, all of which had been submitted to the original Commissioner in the form of depositions and written reports. The Commissioner who ren-

dered the decision did so strictly on the basis of his resolution of the medical causation issue. He did not reach any issue that might have required assessment of the credibility of any live witness, but relied upon precisely the same written medical evidence as the original Commissioner would have, had he decided the case. Therefore, any error was not prejudicial to the appellant.

II.

█ The appellant contends that the Commissioner erred in failing to find that the employee's illness was work-related. First, the appellant argues that a finding of eligibility for compensation should follow from application of 39 M.R.S.A. § 64–A, which provides:

In any claim for compensation, where the employee has been killed, or is physically or mentally unable to testify, there shall be a rebuttable presumption that the employee received a personal injury arising out of and in the course of his employment, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the willful intention of the employee to injure or kill himself or another.

The record indicates that the Commission was not presented with any evidence that would trigger this presumption. The employee did not die until after the close of evidence on his petitions for award; he actually testified twice before the Commission and also gave a deposition. Although the employee testified that he was receiving psychiatric treatment and having memory difficulties, there is no indication that he was "mentally unable to testify." Since the employee clearly had an opportunity to present his case to the Commission, there

2. This argument is made for the first time in appellant's reply brief. It is not a "reply to new matter raised in the brief of appellee" and should not have been raised in this belated fashion. M.R.Civ.P. 75A(c).

3. 39 M.R.S.A. § 99 (Supp.1980) has since been amended to provide, in pertinent part:

In any case upon which a commissioner whose term has expired has completed hearing all of the evidence, that commissioner

shall render a decision on that case as soon as practicable. That decision has the same effect as if it were rendered by a commissioner whose term had not expired. Any commissioner whose term has expired is entitled to $50 per day for each day spent preparing and issuing any decision under this paragraph.

1979 Me. Acts, c. 713 § 1.

was no reason to apply the statutory presumption.

■ Next, arguing that the Commissioner's decision was based solely on written evidence submitted to his predecessor, the appellant invites this Court to engage in a *de novo* review of the evidence. Our recent decisions clearly establish that a record consisting of written evidence does not change the limited scope of appellate review; the Commission's findings of fact are final if supported by competent evidence in the record. *Mortimer v. Harry C. Crooker & Sons, Inc.*, Me., 423 A.2d 248 (1980); *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512 (1980).

■ The appellant also argues that since the Commission's decision constitutes a ruling that the employee did not sustain his burden of proof, it is a conclusion of law and "reviewable as such" pursuant to 39 M.R.S.A. § 99.[4] This provision of section 99 does not broaden our standard of review and does not authorize independent fact-finding by the Law Court. In *Guerette v. Fraser Paper, Ltd.*, Me., 348 A.2d 260, 262 (1975), we stated that section 99 allowed us "to make independent factual evaluations from the record only in those cases where a commissioner has failed to do so and has founded his decision solely on the assertion that a petitioner has failed to sustain the burden of proof." In the light of the subsequent amendment of section 99 to require findings of fact by a Commissioner only upon request of a party, we recently stated that our "factual evaluations" must be limited to "a determination of whether the record discloses any reasonable basis to support the Commissioner's decision." *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 516 (1980). We conclude that where, as here, the Commission's decision is based on a party's failure to carry his burden of proof, the only question presented to the Law Court on review is whether the Commissioner could rationally have been unpersuaded by the evidence in the record.

■ Our review of the record reveals a reasonable basis to support the Commission's conclusion that the "medical studies do not establish that it is more probable than not that the disease was caused by Mr. Costa's employment activities as a meat cutter." None of the medical evidence submitted to the Commission indicates a reasonably certain diagnosis or cause of Costa's disease. The discharge diagnosis from each of his numerous hospital visits referred only to an "undiagnosed disease of unknown origin." There was also no medical testimony connecting the disease and the cut finger Costa allegedly received at work. The Commissioner was entitled to conclude that the causation of Costa's disease had not been established and that the employee had therefore not met his burden of proving entitlement to compensation. *See Brawn v. St. Regis Paper Co.*, Me., 430 A.2d 843 (1981).

The entry is:

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

4. The pertinent portion of section 99 provides: [The Commissioner's] decision, in the absence of fraud, upon all questions of fact shall be final but whenever in a decree the commission expressly rules that any party has or has not sustained the burden of proof cast upon him, the said finding shall not be considered a finding of fact but shall be deemed to be a conclusion of law and shall be reviewable as such.