**Margaret A. HALL**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1981.

Decided March 2, 1982.

---

Barnes & Sylvester, Torrey A. Sylvester (orally), Houlton, for plaintiff.

William J. Kelleher (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Margaret Hall, as the mother and next friend of the daughters of a deceased employee, Edward Hall, filed a petition for death benefits with the Workers' Compensation Commission. She appeals from the pro forma decree of the Superior Court, Aroostook County, affirming the Commission's denial of benefits. The Commission's decision was based upon the grounds that Hall's death "did not arise out of or in the course of his employment." We affirm the judgment of the Superior Court.

Edward Hall was employed by the State of Maine, Department of Conservation, as manager of Nickerson Lake State Park. His duties included maintaining the park, keeping the park and beach clean, insuring that park rules were obeyed and assisting park users who had questions or problems. The park had no lifeguard and Hall was instructed not to act as one. Hall worked a flexible forty-hour week. He usually worked five days a week but did not always work eight hours straight. He was expected, however, to work during the hours of peak use.

On July 17, 1979, Hall drowned while retrieving his daughter's beach ball which had drifted out into the lake adjoining the park's beach. Although the Commissioner found that Hall was on duty when the incident occurred, he concluded that Hall's death did not arise out of and in the course of employment. The Commissioner stated:

> We do not perceive that Hall's attempt to retrieve his daughter's ball was in any way a performance of his duties as park manager or in any way in furtherance of his employer's interest. A purely personal activity. His death did not arise out of or in the course of his employment.

The Commissioner also found that the presumption established by 39 M.R.S.A. § 64-A (1978) was "fully dispelled" by the evidence. The petitioner did not request additional findings of fact as permitted under 39 M.R.S.A. § 99 (1978) (amended by P.L.1979 c. 713 § 1, effective July 3, 1980 and P.L.1981 c. 199 §§ 4, 5, effective September 18, 1981). On appeal she argues

that the evidence was insufficient to rebut the presumption established by section 64–A, and asserts that the findings of the Commissioner are against the weight of the evidence and clearly erroneous.

Title 39 M.R.S.A. § 64–A establishes a rebuttable presumption that the employee received a personal injury arising out of and in the course of employment when the employee is unable to testify because of death or incapacity.[1] Pursuant to M.R. Evid. 301(a),[2] this presumption places upon the employer the burden of proving "that the nonexistence of the presumed fact is more probable than its existence." See Ambassador Insurance Co. v. Dumas, Me., 402 A.2d 1297, 1299 (1979); Toomey v. City of Portland, Me., 391 A.2d 325, 334 n. 9 (1978). Thus, when section 64–A is applicable, the employer rather than the employee bears the ultimate burden of proof on the question of whether the injury arose out of and in the course of employment.

The plaintiff advances two grounds to support her contention that the evidence is insufficient to support the Commissioner's decision. First, Mrs. Hall argues that the retrieval of the beach ball was a good samaritan act benefitting the employer. Second, by focusing on the nature of the employee's work schedule and duties, she contends that the personal activity of swimming was not outside the orbit of employment. In light of these theories of recovery and the evidence of record, the petitioner in essence asserts that there was insufficient evidence to rebut the statutory presumption

and therefore the denial of benefits was error.

■ We agree that the petitioner could assert a viable claim for compensation on the grounds noted above. See Nadeau v. Town of South Berwick, Me., 412 A.2d 392 (1980) (recreational activities); Gilbert v. Maheux, Me., 391 A.2d 1203 (1973) (injury to on-call employee during leisure time found compensable).[3] Nor do we suggest that the conclusion reached by the Commissioner was required as a matter of law. The Commissioner in the exercise of his judgment bringing to bear his special expertise could have reached a different conclusion given the evidence presented in this case. See Wing v. Cornwall Industries, Me., 418 A.2d 177, 180–81 (1980); see also Timberlake v. Frigon & Frigon, Me., 438 A.2d 1294, 1295–1296 (1982). Our role on appeal, however, is limited to assuring that the Commissioner's factual findings are supported by competent evidence, that his decision involves no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation. See Mortimer v. Harry C. Crooker & Sons, Inc., Me., 423 A.2d 248, 250 (1980); Wing v. Cornwall Industries, 418 A.2d at 180–81.

■ The petitioner apparently does not challenge the Commissioner's findings of historical facts. Rather, the thrust of her argument is that these facts do not support the decision he reached. The record indicates that Hall had no specific waterfront

---

1. Section 64–A provides:

    In any claim for compensation, where the employee has been killed, or is physically or mentally unable to testify, there shall be a rebuttable presumption that the employee received a personal injury arising out of and in the course of his employment, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the willful intention of the employee to injure or kill himself or another.

2. By Commission regulation, the Maine Rules of Evidence apply in all hearings before the Commission. Workers' Compensation Commission, Rules and Regulations, Rule 15; see Johnson v. S. D. Warren, Division of Scott Paper Co., Me., 432 A.2d 431, 436 (1981).

3. The instant action was filed with and decided by the Workers' Compensation Commission prior to the effective date of 39 M.R.S.A. § 2(5)(C) (1981–1982 Supp.) (P.L.1981 c. 212, effective April 30, 1981). That provision states:

    The term "employee" does not include any person who is otherwise an employee, if he is injured as a result of his voluntary participation in an employer-sponsored athletic event or an employer-sponsored athletic team.

    We express no opinion on the vitality of our decision in Nadeau v. Town of South Berwick in light of this legislative enactment.

duties and he was instructed to not serve as a lifeguard. Moreover, his decision to retrieve his daughter's beach ball may have been motivated by personal reasons rather than by job-related responsibilities. While the employee was not expressly prohibited from swimming, there was testimony that the beach ball was "out quite a ways" from shore. In the absence of any request for further findings of fact and conclusions of law, we cannot conclude that the Commissioner exceeded the bounds of rationality in deciding that, in the circumstances of this case, the death of Edward Hall did not arise out of or in the course of employment. *See Wing v. Cornwall Industries*, 418 A.2d at 180–81.

Moreover, we cannot conclude that the Commissioner, by stating that the presumption was "fully dispelled," misconceived the extent of the burden upon the employer under the presumption created by section 64–A. Under prior law, the employer had to prove only that it was *as* probable as not that the death was not work related. *Toomey v. City of Portland*, 391 A.2d at 332. The employer, however, now must prove that it was *more* probable than not that the death did not arise out of or in the course of employment.

The reasoning of the Commissioner in this case does not establish that he placed the burden of persuasion upon Mrs. Hall. Further, the petitioner did not request specific findings on this issue or assert on appeal that the Commissioner incorrectly allocated the burden of proof. While the Commissioner could have stated in a clearer fashion his allocation of the burden, the petitioner has not demonstrated to us, nor has she attempted to do so, the existence of legal error arising from the Commissioner's allocation of the burden of proof. Given the posture of the case before us, we need only conclude that the record provides rational support for the decision of the Commissioner that the employer has satisfied its burden of proof. *See Wadleigh v. Higgins*, Me., 399 A.2d 871, 872–73 (1979).

Because the Commissioner's decision involved no misconception of applicable law and his application of this law was neither arbitrary nor without rational foundation, we must affirm the decision of the Commissioner on appeal.

The entry is:

Judgment affirmed.

It is ordered that the employer pay to the appellant an allowance for counsel fees in the amount of $550.00 together with her reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and GODFREY, NICHOLS and CARTER, JJ., concurring.

WATHEN, Justice, with whom VIOLETTE, Justice, joins, dissenting.

I must respectfully dissent from the majority opinion. The record compels the conclusion that the Commissioner misconceived the procedural impact of 39 M.R.S.A. § 64–A. The majority acknowledges that the effect of that section when combined with M.R.Evid. 301(a) is to place the burden of proof on the employer in establishing that the injury did not arise out of or in the course of employment. Section 64–A by its terms gave rise only to a rebuttable presumption. In *Toomey v. City of Portland*, Me., 391 A.2d 325 (1978) this Court discussed the "presumption" and defined its procedural effect. Thereafter, Rule 15 of the Worker's Compensation Commission Rules and Regulations made the Maine Rules of Evidence applicable to all hearings before the Commission. In this manner the rebuttable presumption was converted into a burden shifting device. The record demonstrates that the Commissioner did not have these procedural developments in mind when rendering his decision in this case. The only specific reference to burden allocation is contained in the Commissioner's finding that "the *rebuttable presumption* established by Section 64–A of the Act, that Hall's death arose out of and in the course of employment, *is fully dispelled by* the evidence." (emphasis added) The majority chooses to read the finding as though

it stated that the burden of proof established by Section 64–A is fully satisfied. There can be a vast and meaningful difference between these two statements, both in theory and in outcome. In the face of this explicit reference to dispelling a rebuttable presumption, I cannot indulge in the assumption that the Commissioner nevertheless appropriately allocated the burden of proof. The language employed by the Commissioner belies that assumption. The burden of proof is not dispelled, nor is it rebuttable, nor is it a presumption.

The fact that counsel for the petitioner did not squarely address the issue of burden allocation on appeal only establishes that he similarly misconceived the application of Section 64–A. Counsel contends that the Commissioner committed error in finding that the presumption was fully dispelled and error does exist, but for reasons other than those specified. Notwithstanding the lack of precision and clarity in counsel's challenge, this Court should not assume that the law was appropriately applied when the findings evidence the contrary. Reversible error was committed in this case through a misapplication of the burden of proof and the pro forma decree should be vacated. *Gilbert v. Maheux*, Me., 391 A.2d 1203 (1978).