**Warren MOORE**

v.

**PRATT & WHITNEY AIRCRAFT**

and

**CIGNA Insurance Co.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1995.

Decided Dec. 22, 1995.

James C. Hunt (orally), Robinson, Kriger, McCallum & Greene, P.A., Portland, for Employee.

Michael Richards (orally), Troubh, Heisler & Piampiano, P.A., Portland, for Employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Warren Moore appeals from a decision of the Workers' Compensation Commission denying his petition for an award of compensation for an injury sustained while employed by Pratt & Whitney Aircraft on the ground that the injury did not arise out of his employment. Because we conclude that the Commission applied an incorrect legal standard for determining work-causation, we vacate the decision.

As recited in the decision, the Commission heard the following undisputed evidence: Moore, a wheelchair-bound paraplegic, has no sensation below the waist and is unable to predict bowel movements. Moore must plan his bowel movements for two hours after a meal. In the event of an unplanned, emergency bowel movement Moore has a thirty-second to one-minute warning to get to a toilet. As a further consequence of his lack of sensation below his waist, he must take precautions against the development of pressure sores which may become infected. The Pratt & Whitney plant in North Berwick had two restrooms, one located in the "personnel department" and one on the other side of the plant, the so-called "8100 restroom." Prior to February 6, 1989, Moore used the personnel department restroom because it was close to his work station and it was spacious enough to allow a parallel or perpendicular transfer from his wheelchair to the toilet seat. Handicapped-accessible restroom facil-

ities are sufficiently spacious to allow a transfer from a wheelchair to a toilet from a position of the wheelchair being either parallel or perpendicular to the toilet. Facilities not handicapped adapted preclude such a parallel or perpendicular transfer thus making the transfer very difficult.

On February 6, 1989, while Moore was in the 8100 area, he sensed the need for an emergency, unplanned bowel movement and determined that he would not have sufficient time to reach the personnel department restroom and would be required to use the 8100 restroom. Although a sign on the 8100 restroom stated that it was handicapped accessible, it was not of sufficient size to permit Moore's wheelchair to be placed either parallel or perpendicular to the toilet. The lack of space required that Moore make a more dangerous "side-saddle" transfer. In effecting such a transfer, Moore slipped striking his buttocks against the toilet seat, resulting in the development of pressure sores that later became infected, totally incapacitating him from February to September 1989 and partially incapacitating him thereafter.

The Commission determined that although Moore's injury was sustained in the course of his employment it did not arise out of his employment, but was the result of his own personal emergency, and accordingly, denied the petition. The Appellate Division failed to resolve Moore's appeal before going out of existence on January 1, 1994. We granted Moore's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994–95).

■ An injury is compensable for purposes of the Workers' Compensation Act if it arises out of and in the course of employment. 39 M.R.S.A. § 51(1) (1989);[1] *Comeau v. Maine Coastal Servs,* 449 A.2d 362, 365 (Me.1982). We have stated that " '[a]n accident arises in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in something incidental thereto.' "

*Comeau,* 449 A.2d at 365 (quoting *Fournier's Case,* 120 Me. 236, 240, 113 A. 270, 272 (1921)). The Commission properly determined that Moore's injury occurred "in the course of" his employment. The issue before us is whether his injury arose out of his employment. To satisfy the "arising out of" requirement " 'there must be some causal connection between the conditions under which the employee worked and the injury which arose, or that the injury, in some proximate way, had its origin, its source, its cause in the employment.' " *Morse v. Laverdiere's Super Drug Store,* 645 A.2d 613, 614 (Me.1994) (citations omitted). We accord deference to decisions of the Commission addressing whether an injury arose out of employment and "[o]ur role on appeal is 'limited to assuring that the Commissioner's findings are supported by competent evidence, that his decision involved no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation.' " *Comeau,* 449 A.2d at 368 (quoting *Hall v. State,* 441 A.2d 1019, 1021 (Me.1982)).

■ The Commission's determination that, had it not been for Moore's "personal emergency," he would not have been compelled to use the 8100 restroom and would not have suffered an injury is not the appropriate standard for determining whether Moore's injury arose out of his employment. There is no requirement that the work-created hazard be the sole or predominant cause of the injury. The work-hazard need only be a cause of the injury to satisfy the work-relation standard. *Smith v. Dexter Oil Co.,* 408 A.2d 1014, 1015 (Me.1979). Moore's injury cannot be attributed solely to his paraplegic condition. Any employee may have an urgent need to use the facilities in a restroom while at work. Handicapped employees were not prohibited from using the 8100 restroom. Indeed, they were encouraged by the sign stating that it was handicapped accessible. When, as here, an employee in the course of his employment uses a restroom whose con-

---

1. Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensation Act of 1992,* P.L. 199 1, ch. 885, § A–7 (effective January 1, 1993). Because the proceeding was pending on the effective date of the new Act, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works Corp.,* 639 A.2d 626, 627–28 (Me.1994).

dition is a cause of an injury to the employee, the injury arises out of the employment. Accordingly, we vacate the Commission's decision.

The entry is:

The decision of the Workers' Compensation Commission is vacated. Remanded to the Board for further proceedings consistent with the opinion herein.

All concurring.