STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-17/
JAW-CUM-11/14/2013

DUNG NGUYEN,
Petitioner

ORDER ON 80C APPEAL

v.

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 14 2013

RECEIVED

MAINE UNEMPLOYMENT
INSURANCE COMMISSION
Respondent

Petitioner Dung Nguyen appeals a decision of the Maine Unemployment

Insurance Commission disqualifying him from receiving unemployment benefits.

## BACKGROUND

Mr. Nguyen worked as a general laborer for Baynard R. Douty, owner of Douty

Brothers, Inc., a seafood wholesaler, for approximately 17 years. (R. at 73.) Mr. Douty

fired Mr. Nguyen for failing to wait as instructed for a truck scheduled to pick up a

shipment from the company. Mr. Nguyen applied for unemployment benefits, but the

Deputy disqualified Mr. Nguyen after finding he was fired for misconduct. (R. at 111-

12.) Mr. Nguyen appealed the decision and a hearing was held on November 20, 2012.

(R. at 14.)

Administrative Hearing

The evidence at the hearing established the following facts. On August 17, 2012,

Mr. Nguyen worked a full day as normal until he finished his duties around 4:15pm. (R.

at 78.) At that time, Mr. Douty's wife asked Mr. Nguyen to remain at work until the truck

could pick up a shipment from the company (R. at 81.) There is a factual dispute as to

whether Mrs. Douty asked Mr. Nguyen to stay until a specified time or whether she

instructed him to wait for 15 minutes. According to Mr. Douty, his wife instructed Mr. Nguyen to remain at work until 6:00pm. (R. at 67.) According to Mr. Nguyen, Mrs. Douty instructed him to wait an additional 15 minutes. (R. at 79.) The hearing officer found that Mrs. Douty "asked the claimant to stay until about 6:00pm" for the truck. (R. 15.)

The hearing officer inexplicably found that "the claimant stayed until sometime between 6:15 and 6:30 PM and then left the job site without assuring that the truck had arrived." (R. at 15.) By his own admission, Mr. Nguyen left work shortly after 5:00pm. (R. at 81.) Although the hearing officer found Mr. Nguyen stayed longer than instructed, she nevertheless found misconduct because "[a] reasonable employee would have stayed longer to assure delivery, in light of knowledge about how the employer makes money." (R. at 17.) Mr. Nguyen acknowledged that he was aware his employer would lose money if the truck could not make its scheduled pick up. (R. at 88.) Mr. Nguyen appealed the decision to the Unemployment Insurance Commission on December 11, 2012.

Commission Decision

The Commission declined to hold a hearing and issued its decision based on a review of the paper record. In its decision, the Commission modified the findings of the hearing officer and decided Mr. Nguyen left shortly after 5:00pm without contacting anyone else at the company that he was leaving and that the truck had not yet arrived. (R. at 2.) The Commission also credited the employer's testimony that the truck was to arrive between 5:00 and 6:00pm. (R. at 2.) The Commission found that the truck actually arrived at around 5:30pm but was unable to gain entry to the company because all of the employees had left. (R. at 2.) The Commission concluded that Mr. Nguyen was fired for

2

misconduct and affirmed the hearing officer's decision after modifying the findings of fact. (R. at 5.) Commissioner O'Malley dissented because he found "that the claimant credibly testified that he waited longer than the employer had asked of him." (R. at 6.)

## DISCUSSION

### 1. Standard of Review

The Court must "review the Commission's judgment 'to determin[e] whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence [in the record].'" *Sinclair Builders, Inc. v. Unemployment Ins. Comm'n*, 2013 ME 76, ¶ 9, 73 A.3d 1061 (quoting *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, 6 ¶, 714 A.2d 818). The Court "will not overrule findings of fact supported by substantial evidence, defined as 'such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion.'" *Lewiston Daily Sun v. Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A.2d 344 (quoting *Crocker v. Me. Employment Sec. Comm'n*, 450 A.2d 469, 471 (Me. 1982)).

### 2. The Commission's Findings

Mr. Nguyen raises the issue of whether the Commission could substitute its own findings of fact for the hearing officer's without hearing live testimony. Ordinarily, a reviewing court should not set aside findings of fact if they are supported by competent evidence in the record. *Matthews v. R.T. Allen & Sons, Inc.*, 266 A.2d 240, 244 (Me. 1970). "This rule is premised upon the finder of fact's opportunity to hear and see the witnesses, their vocal inflections and facial expressions, before reaching a conclusion upon the issues of fact." *Poole v. Statler Tissue Corp.*, 400 A.2d 1067, 1068-69 (Me.

3

1979) (citing *Matthews*, 266 A.3d at 244). In *Matthews*, the Law Court found "the reason for the clearly erroneous rule disappears when the Commissioner, too, makes his decision from the printed record. The appellate court is then in an equally good position to find the facts and must do so uninfluenced by the findings of the Commissioner." *Id.* at 244.

Since *Matthews*, the Law Court has retreated from this broad exception. *See Dunton v, E. Fine Paper Co.*, 423 A.2d 512, 517 (Me. 1980) ("[W]e do not consider the reasoning in Matthews and Poole sufficiently cogent to command our allegiance.") In *Dunton*, the Law Court explained that, even where credibility is an issue, a reviewing court should not disturb the Commission's findings on a written record:

> [E]ven if we should conclude that we are as capable as the commissioner to find facts from a written record, we should not do so. Rather, an appreciation of the proper role of an appellate court suggests that we defer to the commission's findings. That the issue of credibility is cited as a factor does not mean that the evaluation of credibility is the only justification for finality of fact finding. Suggestions to the contrary in appellate opinions sometimes disguise a holding that there was no competent evidence or that the record discloses an application of an erroneous legal precept. Judicial economy dictates that we leave to the tribunal below the fact-finding role placed there by the legislature.

*Id.* at 515 (internal citations omitted). Although the commissioners must consider the evidence in making their decision, "due process does not require that they hear or read all the testimony, and they may be properly aided by reports of subordinates." *New England Tel. & Tel. Co. v. Pub. Util. Comm'n*, 448 A.2d 272, 279 (Me. 1982).

The Commission modified the hearing officer's finding that Mr. Nguyen left work after 6:00pm. This was a reasonable modification based on the written record because there was no support for the hearing officer's finding, given that Mr. Nguyen himself acknowledged that he left shortly after 5:00pm. With this correction, the Commission

4

affirmed the other findings and judgment of the hearing officer. Accordingly, the Court will not disturb the Commission's findings of fact on the written record.

3. Misconduct

Under 26 M.R.S.A. § 1193(2), an individual discharged for misconduct related to employment is ineligible for unemployment benefits. Misconduct is defined as "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S.A. § 1043(23). Certain acts are "presumed to manifest a disregard for a material interest of the employer," including:

(3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment;

(9) Insubordination or refusal without good cause to follow reasonable and proper instructions from the employer.

26 M.R.S.A. § 1043(23)(A). Finding misconduct "requires a two-prong analysis: (1) the employer must have a reasonable standard for discharge and (2) the employee must have acted unreasonably in failing to meet that standard." *Forbes-Lilley v. Me. Unemployment Ins. Comm'n*, 643 A.2d 377, 379 (Me. 1994). The misconduct cannot be based only on "[a]n isolated error in judgment or a failure to perform satisfactorily when the employee has made a good faith effort to perform the duties assigned." 26 M.R.S.A. § 23(B)(1).

Based on the Commission's factual findings, Mr. Nguyen's actions fall under the presumption for misconduct for "refusal without good cause to follow reasonable and proper instructions from the employer." 26 M.R.S.A. § 1043(23)(A)(9). Both the hearing officer and the Commission found that Mrs. Douty instructed Mr. Nguyen to wait until approximately 6:00pm for the truck to arrive. This is a reasonable request that Mr.

5

Nguyen agreed to follow. Mr. Nguyen then unreasonably failed to remain at work until the truck arrived and offered no explanation for why he left or why he failed to inform his supervisor or another employee that he was leaving. Mr. Nguyen's failure to follow the reasonable instructions of his employer rises to the level of misconduct. It was not an isolated error in judgment because Mr. Nguyen did not make any efforts to comply with Mr. Douty's request such as informing another employee or supervisor that the truck had not arrived.

The Commission was also correct in concluding that Mr. Nguyen's actions fell under the presumption for an "unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment." 26 M.R.S.A. § 1043(23)(A)(3). The Commission found that Mr. Nguyen knew that the truck would not be able to pick up the product if he did not remain at work, and he understood the company would lose money if the truck failed to make the delivery. Given Mr. Nguyen's knowledge of the importance of these deliveries to the business, it was unreasonable for him to leave before the truck arrived without making other arrangements for the pick up of the product.

Accordingly, the entry is:

Petitioner's appeal is DENIED and the decision of the Unemployment Insurance Commission is AFFIRMED.

Dated: November 14, 2013

Joyce A. Wheeler
Justice, Superior Court

Petitioner–David Kallin Esq
         –Gregory Im Esq

Respondent–Elizabeth Wyman
         AAG

6