ENTERED NOV 2 1 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-17

TDW-CUM-11-19-14

ABERA DESTA,

Plaintiff

v.

ORDER

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

Defendant



STATE OF MAINE
Cumberland ss. Clerk's Office

NOV 20 2014

RECEIVED

Before the court is Abera Desta's appeal from a March 7, 2014 decision of the Maine Unemployment Insurance Commission (R. 1-7) denying him unemployment benefits and ordering him to repay an overpayment of $ 5,453.00.

Standard of Review

On this appeal the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. Id. The court should not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223.

<u>Findings by Hearing Officer vs. Findings by Commission</u>

At the outset this case presents the question of whether the Commission was entitled to disregard the findings made by a Hearing Officer after an evidentiary hearing where the Hearing Officer had the opportunity to listen to the witnesses and observe their demeanor.

The original decision by the Deputy denied benefits on the ground that Desta had left his employment voluntarily without good cause attributable to his employer. (R. 289). After a lengthy evidentiary hearing (R. 92-281), an agency hearing officer issued a decision overturning the deputy's original ruling that Desta had left his employment voluntarily and also rejecting the employer's argument that Desta was not entitled to benefits because he had been discharged for misconduct. (R. 60-66).

On the employer's appeal to the Commission, the Commission did not hold another evidentiary hearing but set a hearing "limited to <u>Oral Argument Only</u>." (R. 35) (emphasis in original). After hearing oral argument (R. 8-34), two members of the Commission issued a decision that, contrary to the finding of the hearing examiner, concluded that Desta had been validly discharged for misconduct within the meaning of 26 M.R.S. § 1043(23) and was therefore disqualified from receiving benefits pursuant to 26 M.R.S. § 1193(2). (R. 1-7).[1] One member of the Commission dissented. (R. 7).

Desta argues that the Commission, acting on what he characterizes as a cold record, is not entitled to overturn findings by the Hearing Officer that were based on the Hearing Officer's first-hand evaluation of the credibility of witnesses. Counsel for the Commission disagrees, arguing that the Commission is entitled to make the final decision based on the administrative record.

---

[1] The Commission did not adopt the Deputy's original decision that Desta had left his employment voluntarily, and the evidence in the record would not support a finding that Desta had left his employment voluntarily.

In this case some of the Commission's factual findings contradict those of the hearing officer. Whether the Commission is entitled to substitute its judgment on factual issues poses a difficult question and one on which many of the cases cited by the parties are not particularly helpful. Thus, while counsel for Desta relies on Poole v. Statler Tissue Corp., 400 A.2d 1067 (Me. 1979), and Matthews v. R. T. Allen & Sons Inc., 266 A.2d 240 (Me. 1970), the Law Court cast significant doubt upon the analysis in those cases in Dunton v. Eastern Fine Paper Co., 423 A.2d 512, 514-15, 517 (Me. 1980). Similarly, the proposition that a court should defer to findings made by an administrative agency even when those are based solely on a written record, see Costa v. Mr. "G" Foodliner, 431 A.2d 1292, 1294-95 (Me. 1981); Dunton, 423 A.2d at 514-15, does not address the issue of whether the Commission can make findings inconsistent with those reached by a hearing officer after an evidentiary hearing. Moreover, the Law Court's ruling in New England Telephone & Telegraph Co. v. PUC, 448 A.2d 272, 279 (Me. 1982), that Commissioners are entitled to rely on and essentially adopt findings by agency hearing examiners does not address whether Commissioners are instead entitled to contradict findings of their hearing officers without holding a new evidentiary hearing.

However, the Law Court's decision in Green v. Commissioner of Mental Health, Mental Retardation, and Substance Abuse Services, 2001 ME 86, 776 A.2d 612, supports the Commission on this issue. Green also involved a case where the final decision of the agency contradicted that of the agency hearing officer. The Law Court emphasized that it was the Commissioner's findings, not those of the hearing officer, that were subject to review for clear error. 2001 ME 86 ¶ 12. The court disagreed that only the hearing officer who had heard the evidence and assessed the credibility of witnesses could make factual findings. 2001 ME 86 ¶ 14. It added that

3

> [a]s long as the decision-making officer both familiarizes himself
> with the evidence sufficient to assure himself that all statutory
> criteria have been satisfied and retains the ultimate authority to
> make the decision, he can properly utilize subordinate officers to
> gather evidence and make preliminary reports (citation omitted)....
> No authority, however, binds the agency decision-maker to the
> findings contained in the hearing officer's report.

2001 ME 86 ¶ 15.

To the extent that the Green decision does not resolve the issue, the record in this case also reflects that at least one of the Commissioners listened to the entire recording of the hearing before the hearing officer and the other two Commissioners also had the opportunity to review that hearing. (R. 11). Under those circumstances the court concludes that the Commission was entitled to make findings in this case that were inconsistent with the findings previously reached by the hearing officer.

Findings Supported by Competent Evidence

Given that the Commission was entitled to make its own findings, the court concludes that there is sufficient evidence to uphold the Commission's finding that Desta engaged in misconduct in that he unreasonably violated a rule that was reasonably imposed and communicated and equitably enforced and that he refused without good cause to follow a reasonable and proper instruction from his employer. 26 M.R.S. § 1043(23)(1)(A)(2), (9).[2] There is also contrary evidence in the record from which the Commission could have found that the rule was not reasonably communicated, that the rule was not equitably enforced, and that Desta did not refuse without good cause to follow an instruction from his employer. However, the court

---

[2] Although the Commission's decision also referred to 26 M.R.S. § 1043(23)(1)(A)(4), the court interprets that subsection as requiring repeated instances of lateness or absenteeism and does not find that there is evidence of such conduct in this case.

4

is not entitled to substitute its judgment for that of the Commission even if the court would have reached a different conclusion upon weighing the evidence.

In this connection, there is one other issue that needs to be addressed. The statutory definition provides that misconduct may not be found solely "on an isolated error in judgment or a failure to perform satisfactorily when the employee has made a good faith effort to perform the duties assigned." 25 M.R.S. § 1043(23)(B)(1). In this case the Commission found that although Desta "was terminated for what appears to be an isolated incident, his refusal without good cause to follow reasonable and proper instructions from his employer represents egregious behavior." (R. 6).

The court does not have to decide whether an isolated error in judgment is not entitled to the safe harbor of § 1043(23)(B)(1) if the error in judgment is "egregious" because it is evident that the Commission did not find that what it characterized as Desta's refusal to follow his employer's instructions qualified as an error in judgment. Instead, the Commission found that Desta had "knowingly" refused to follow his employer's directive (R. 6) – a finding which necessarily meant that, in the Commission's view, Desta had not made a good faith effort to perform the duties assigned. Under § 1043(23)(B)(1), an isolated error in judgment does not constitute misconduct but only when the employee has made a good faith effort to perform.[3]

It bears emphasis that the court is not endorsing the Commission's findings on this issue but is constrained to conclude that there is sufficient evidence in the record from which the Commission could have made the findings that it did.

---

[3] Desta also relies on statutory language that misconduct may not be found solely on absenteeism caused by illness of a family member if the employee made reasonable efforts to give notice and to comply with the employer's policies. 26 M.R.S. § 1043(23)(B)(2). In this case, however, there is no evidence that Desta told the employer his mother was ill and no evidence that Desta's failure to return on April 22 was caused by any change in his mother's health. Moreover, the Commission found that Desta did not make a reasonable effort to comply with the employer's policies.

5

Other Issues

Counsel for Desta argues that the Commission failed to address Desta's claim that his termination resulted from discrimination, pointing specifically to the fact that Desta had filed for workers' compensation benefits when the employer had allegedly told him not to file and that Desta had also asked for a letter so his daughter could obtain MaineCare benefits.

First, although a discrimination claim was raised before the hearing officer, it does not appear that that claim was pursued when the case was appealed to the Commission. Second, to the extent that counsel for Desta is arguing that the reasons given by the employer for Desta's termination were a pretext for discrimination, the Commission found the employer's statements were credible, thereby implicitly rejecting that the employer's reasons for termination were pretextual. Finally, the Commission's findings apply only to unemployment benefits and the Commission did not have jurisdiction to consider discrimination under any other statute.

Accordingly, the decision that Desta is not entitled to unemployment benefits is affirmed. The court does not, however, affirm the Commission's ruling that $ 5,453.00 must be repaid. Under the applicable statute, recovery of any overpayment may not be sought until the determination of an erroneous payment is final. 26 M.R.S. § 1051(5). That will not occur until the appeal period from this decision has expired or, if an appeal to the Law Court is taken, until that appeal has been decided. At that point Desta can seek a waiver of the overpayment, and would be entitled to a waiver if he is found to be without fault and if any recovery would defeat

the purpose of benefits otherwise authorized or would be against equity and good conscience. Id.[4]

In this case the overpayment does not appear to be Desta's fault since it resulted from a hearing officer's decision which was later set aside by the Commission. However, any decision on whether Desta would otherwise be entitled to a waiver would be premature where the determination of an overpayment has not become final and Desta has not applied for a waiver.

The entry shall be:

With the exception of its ruling that $ 5,453.00 must be repaid – which is premature until the case is concluded and the Commission has acted on any request for a waiver that might be made – the decision of the Unemployment Insurance Commission is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 19, 2014

Thomas D. Warren
Justice, Superior Court

---

[4] A different rule applies if an overpayment results from misrepresentation or nondisclosure, 26 M.R.S. § 1051(6), but there is nothing in the record that would support a finding of misrepresentation or nondisclosure in this case.

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

NANCY MACIROWSKI AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Defendants
Attorney

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JEREMY FISCHER ESQ
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600
PORTLAND ME 04101

Plaintiff's
Attorney